## Case No. 16,077.

### UNITED STATES v. POTTER.

[6 McLean, 182.] [2]

Circuit Court, D. Michigan. Oct. Term, 1854.

CRIMINAL LAW — NEW TRIAL — NEW EVIDENCE — SEALED VERDICT—POLLING JURY.

1. Where, in the opinion of the court, the evidence preponderates in favor of the verdict, the court will not set it aside on the ground of testimony subsequently submitted, impeaching the credibility of one of the witnesses.

[Cited in Lowry v. Mt. Adams & E. P. Incline Plane Ry. Co., 68 Fed. 829.]

2. Where a cause has been closed at the evening of adjournment, and the parties agree to a sealed verdict, and the jury come in with a sealed verdict, to which all their names are appended, the court will not permit the jury to be interrogated as to their finding, but will order each juror to be asked, whether or not the sealed verdict is or is not his verdict; and on every juror replying that it is, will direct it to be recorded as such.

[See Case No. 16,078.]

[This was an indictment against Erastus Potter. For opinion on motion in arrest of judgment, see Case No. 16,078.]

Mr. Hand, for the United States.
Lathrop & Van Arman, for defendant.

WILKINS, District Judge. Five reasons are placed on record, why the court should grant a new trial. The first four were not pressed in the argument, and are certainly not founded either in law or in the facts of the case. That the court erred in refusing parol testimony of that which was matter of record by law, and which was in the power of the defendant to produce, might well be abandoned, when well considered. That the verdict was against the evidence of the case, or without evidence.

But I do not yield my assent to the proposition that either of these counts are essentially defective. It is conceded that the prosecutor cannot, in the same count, charge different offenses in the alternative, as, for instance, that the defendant did this, or did that, because, in pronouncing judgment, there would be no certainty in the finding of

the jury, and consequently no basis of record for the sentence of the court. But I am inclined to question the construction of the statute, which makes two offenses, where but one was evidently contemplated. The statute declares cutting, or procuring to be cut, one offense, i. e., cutting, on the principle that the procurer is the doer; aiding or assisting one offense, as he who aids is of identity with him who assists; and removing or procuring to be removed, another offense. A count for aiding or assisting, would certainly not be defective, because aiding is assisting, and assisting is aiding. And so, in contemplation of law, he who procures or causes the cutting, is of identity as to the offense with the actual cutter, as, by the subsequent language, the latter is an offender, under the appellation of "being employed in cutting." But it is unnecessary to consume time on this particular exception, as the third count is. in the opinion of the court, entirely unexceptionable.

Motion to arrest overruled.