## MARGARET TAYLOR v. THE STATE.

CHARGE OF COURT—PRACTICE. After the jury have received their instructions from the court on the trial of a criminal charge, if additional instructions are desired by them, they should be brought by the officer in charge into court, and, after notice given to the defendant or his attorney, should be instructed only on the points about which additional instructions are asked. To instruct them through an officer, without notice to defendant or his counsel, is error, for which a judgment of conviction will be reversed.

APPEAL from Galveston. Tried below before the Hon. Gustave Cook.

*P. T. (Languille)*, for appellant.

*N. G. Kittrell*, for the State.

REEVES, J. Appellant, in her application for a continuance, states that the goods she was charged with stealing were taken by her from Mary Freeman, the owner of the goods, and proposed to prove by her and Jenny Davis the truth of her statements.

In the motion for a new trial appellant claims the goods as a gift from Clark Washington, and which, as she states, could be proved by Ann Johnson from Washington's admissions made to her.

It is not necessary to express any opinion as to these apparently conflicting statements.

The ground of the motion for a new trial, complaining of the manner in which the cause was conducted by counsel for appellant in the District Court, being waived by counsel in this court, need not be examined.

The questions requiring examination are presented by the first and third assignments of error.

*First.* Because the court erred in sending additional instructions to the jury without having called on or informed the defendant or her counsel that the same were requested by the jury.

*Third.* The court erred, when requested by the jury to give additional charges, in sending instructions on a point about which the jury had not asked instructions.

The record recites that "after the jury retired to consider "of their verdict, the following request was received by the "judge presiding from one of the jurors, viz.:

"'JUDGE COOK: The jury wish to know, whether, in ascer-
"'taining the value of the goods stolen, they must be governed
"'by the testimony of the witnesses, or will they be permitted
"'to examine the articles and fix the value themselves?'
"Signed by the Foreman.

" In answer to the foregoing request, the following instruc- " tions were sent to the jury, viz. :

" ' The jury must judge of the value of the goods *when taken*, " ' by the evidence of the witnesses. The goods are only dis- " ' played for identification, and not for the purpose of deter- " ' mining value. The line of demarcation as to value is " ' twenty dollars. If that or more is the aggregate value, it is " ' felony. If less than that, it is a misdemeanor.' "

The bill of exceptions shows that the foreman of the jury sent the written request to the judge through the sheriff, the court being in session, and although the defendant and her attorney were present at the time when the request was delivered, the judge sent to the jury the additional charges without notice to the attorney, or, as stated in the exceptions, without advising him of the communication from the jury.

The charge cannot be doubted as containing a correct statement of the law. And the only questions are, 1st, Whether the information desired by the jury could be given in the manner in which it was done; and 2d, If it could be so done, whether the judge should have charged beyond the point about which the jury wished to be informed.

The answer to these questions depends upon the several provisions of the Code, and the statutes regulating the subject, and how they are to be construed.

The statutes on this subject seem to be founded on the idea that the jury, as a body, must all be present in court when they ask and receive instructions, or when instructed by the court before they retire to consider their verdict.

Long before the adoption of the Code, it was provided by the Act regulating proceedings in the District Courts, " That " all charges or instructions, whether given by the judge of his " own accord, or upon request of counsel or parties, may be " carried from the bar by the jury in their retirement, and no " judge shall in any case make any further charge unless on " the application of the jury or of a party or his counsel." (Paschal's Digest, Article 1464.)

If the charge can be sent to the jury after their retirement, through the sheriff or other officer, on what principle could it be denied to the defendant to have them instructed through the same channel? Such a result certainly was not contemplated.

The provisions which more directly relate to the questions under consideration are found in the Code of Criminal Procedure. Article 3077 provides that " when the jury wish to com- " municate with the court, they shall make their wish known " to the sheriff, who shall inform the court thereof, and they " may be brought into the court-house."

By Article 3079, " The jury, after having retired, may ask " further instructions of the judge, touching any matter of law " which shall be given them in writing, but no charge shall be " given except upon the particular point on which it is asked."

" In every case of felony, the defendant shall be present in " court when any of these proceedings are had. His counsel " shall also be called." (Article 3082.)

These provisions, as may be supposed, were framed in reference to a public trial by jury, and were intended to secure to the defendant the right of being heard by himself and his counsel, as guaranteed by the Constitution. The administration of the law in the prescribed form is designed to be a safeguard thrown around the citizen for his protection, and cannot be denied him. Otherwise, it would perhaps be impossible to lay down a rule which would admit of any certain and determinate application in jury trials. It is believed to be the better and safer practice, that the jury in a body should come into court and there receive from the judge such further instructions as they may desire, and that the instructions should be confined to the points on which they are asked, with notice to the defendant or his attorney.

As strengthening the position that the jury should be brought into court when they wish to communicate with the judge, the same regulation is made for the grand jury when they seek advice from the court. (Article 2844.) By this article they

are required to go into court in a body. And this require-
ment underlies the entire jury system.

The judgment is reversed and the cause remanded.

Reversed and remanded.