## DOYLE *v.* UNITED STATES.

*(Circuit Court, N. D. Illinois. December 5, 1881.)*

**1. CRIMINAL PRACTICE—COMMUNICATIONS FROM THE JUDGE TO THE · URY.**

Though it is an irregularity in a judge to communicate privately with one of the jurors while they are deliberating upon their verdict, yet such irregularity furnishes no sufficient ground for reversal, where it is not clear that it worked, of necessity, a prejudice to the plaintiff in error.

**2. SAME—SEALED VERDICTS.**

Under the practice of this district, where it is agreed, in a criminal case, that a verdict may be signed and sealed by the jurors and delivered in court, and they are required to meet the court when it again convenes, it is the right of the defendant to have the jury present in court when the verdict is opened.

On Error to the District Court.

*Bangs & Kirkland,* for plantiff in error.

I. The court erred in privately communicating with one of the jurors while they were deliberating upon their verdict. Whart. Cr. Pr. (8th Ed.) §§ 714, 830; 2 Grah. & Wat., New Trials, 360; *State* v. *Alexander,* 66 Mo. 148; *Sargent* v. *Roberts,* 1 Pick. 341; *State* v. *Patterson,* 45 Vt. 308; *Taylor* v. *State,* 42 Texas, 504.

Authorities to the next point also cited.

II. The court erred in denying the defendant's motion to have the jury polled. 3 Bl. Com. 377; 10 Bac. Abr. tit. "Verdict, B;" 1 Bish. Crim. Proc. § 1002; *Lawrence* v. *Stearns,* 11 Pick. 501; *U. S.* v. *Potter,* 6 McLean, 188, 189; *Nomaque* v. *People,* Breese, 145; *Root* v. *Sherwood,* 6 Johns. 68; *Riggs* v. *Cook,* 4 Gilm. 352; *Sargent* v. *State,* 11 Ohio, 473; *Sutliff* v. *Gilbert,* 8 Ohio, 408; *State* v. *Engles,* 13 Ohio, 490; *U. S.* v. *Bennett,* 16 Blatchf. 374; *Martin* v. *Morelock,* 32 Ill. 485; *Reens* v. *People,* 30 Ill. 256; *Crotty* v. *Wyatt,* 3 Bradw. 388; *Price* v. *State,* 38 Miss. 531; *Woner* v. *N. Y. C. R. Co.* 52 N. Y. 437; *Goodwin* v. *Appleton,* 22 Me. 456.

*Joseph B. Leake,* U. S. Atty., for defendant in error.

I. The defendant had no common-law right to poll the jury. *Com.* v. *Roby,* 12 Pick. 496, 511; *Martin* v. *Maverick,* 1 McCord, 24; *State* v. *Allen,* Id. 525. In civil cases. *Beal* v. *Hall,* 22 Ga. 431.

II. It has never been the practice in the federal courts. *Dunlap* v. *Monroe,* 1 Cranch, 536; *U. S.* v. *Anthony,* 11 Blatchf. 209; *U. S.* v. *Bridges,* 10 Cent. Law J. 7.

DRUMMOND, C. J., *(orally.)* At the last May term of the district court the plaintiff in error was tried on an indictment for passing false and forged bonds of the United States, knowing them to be forged. He was found guilty by the jury, and a motion for a new trial was made and overruled, and sentence of imprisonment passed

upon him by the court. The case was given to the jury under instructions from the court on the afternoon of the third of June. On the morning of the fourth, before they had agreed upon a verdict, and while the jury were together in their room having it under consideration, the judge who tried the cause received, by the hand of the bailiff in charge of the jury, from one of the jurors, the following communication: "Has there been any evidence as to Doyle's knowledge that these bonds were forged, and can a person be convicted without positive evidence as to his guilt?" To which communication the judge caused to be delivered, by the hand of the bailiff to the juror, his answer written upon the back of the communication as follows: "The jury are to determine, from all the evidence in the case, whether the defendant knew these bonds to be forged. If the circumstances are such as to satisfy you beyond a natural and reasonable doubt of defendant's guilt, then you should so find; otherwise, you should acquit. Please preserve this."

There is nothing in the record to show whether the juror wrote this communication and addressed it to the judge of his own motion or at the instance of other members of the jury. Neither does it affirmatively appear that the answer of the judge was made known to any of the jurors. The communication and the answer were made and received, as stated above, not in open court, the court in fact not being in session on the fourth of June, nor in the presence nor with the knowledge or consent of the plaintiff in error or his attorney. The answer of the judge to the communication of the juror, under the circumstances stated, is assigned for error on the record.

After the case was submitted to the jury by the court, the plaintiff in error and his attorney consented that, when the jury had agreed upon a verdict they might sign and seal the same, and if the court was not then in session they might hand it to the officer in charge of the jury to deliver to the clerk, and that the jury might then disperse *to meet the court when it should again convene,* and thereupon the court on Friday, June 3d, adjourned, and did not again meet until Monday morning, June 6th. On the opening of the court then, the jury not being present in their seats, nor having been called in the cause, the court addressed the clerk and asked if he had the verdict, whereupon the clerk replied that he had such verdict, and produced a sealed envelope from which he took a paper writing which he then read in open court as follows: "We, the jury, find the defendant, James B. Doyle, guilty, and recommend him to the mercy of the court." Which verdict was signed by all the jurors and duly recorded. At the time

this paper was read in court no objection was made by the plaintiff in error or his counsel to the opening of the sealed envelope, nor to the reading of the verdict, but the counsel moved the court to have the jury polled, which motion the court overruled and refused to allow the jury to be polled. This action of the court in thus receiving this paper writing as the verdict of the jury and refusing to allow the jury to be polled is also assigned for error.

It is unnecessary to consider the various other errors assigned, as not much reliance was placed upon them by the counsel, and as, I think, they are untenable. There can be no doubt that the communication of the judge to the jury was irregular and objectionable. The instructions of the judge ought always to be in open court, in the presence of all the jurors and of the defendant. It is true that in cases of protracted deliberation by the jury it is sometimes difficult and inconvenient to observe this rule; and yet it is important that it should be followed, not that where it may be violated the fact would necessarily oblige an appellate court to reverse a conviction, but because there is always so much danger in giving these private instructions not open to the observation of counsel or of the parties. If there is nothing in instructions thus privately given prejudicial to the defendant, then an appellate court would not, perhaps, reverse. It is probable that the judge in this case may have inferred that the communication addressed to him was sent by the foreman, or at the instance of all the jury; and there was nothing objectionable in the law as laid down by the judge; and, indeed, the judge had already given substantially the same instructions to the jury in open court. It was, no doubt, inadvertently done, and nothing wrong was intended on his part, as is manifest from the memorandum he added to his answer, requesting that it might be preserved for the purpose of being subject to examination and criticism if the law warranted it. I doubt whether I should reverse this case merely in consequence of this irregularity of the judge, because I think it is not clear that it necessarily worked any prejudice to the plaintiff in error.

On the second point, numerous authorities have been cited by the counsel for the plaintiff in error to show that the right exists on the part of a defendant in a criminal case always to poll the jury, whether the verdict be rendered in open court, or by being sealed under the direction of the court or with the consent of the parties. There can be no doubt that in most of the states, including Illinois, it is decided that it is the absolute right of a defendant in a criminal case, both upon an open verdict rendered in court and a sealed ver-

dict, to poll the jury.   But it seems to be a right which has grown up as a matter of practice.   It was not a right which existed at common law.   *The court* always had the right to poll the jury, and if a different verdict was rendered from that which was delivered privily to the judge, or which was first rendered in court, the court had authority to punish those jurors who dissented from the verdict.   In some of the states the right of a defendant in a criminal case to poll the jury is denied.   In the federal court in this district the practice has been not to allow a defendant, as of right, to poll the jury when he has agreed that a verdict may be signed and sealed by the jurors and delivered in court.   If this were a question merely of polling the jury, under this practice I should not feel inclined to disturb the sentence of the court.   For example, if the jury had been allowed to separate upon the understanding and agreement that they were not again to meet the court, in such case it would seem as though the right to poll the jury had necessarily been waived.   But in this case they were required to meet the court when it again convened, and the necessary construction to be given to this is that the jury should be present in court when the verdict was opened.   They had formed their verdict and sealed it in the place of their deliberations.   They had handed it to the officer to be delivered to the clerk.   It was the right of the defendant, under the circumstances, to have the jury present in court when the verdict was opened, in order that they might know that the verdict on which they had agreed and signed was delivered in court to be entered of record.   In states where the jury is not permitted to be polled, the practice has always been to require the jury to be present upon the delivery of a sealed verdict.   In the case decided in the federal court in the district of Alabama, *(U. S.* v. *Bridges,* 10 Cent. L. J. 7,) where the court refused to allow the jury to be polled, the case shows that the jury were all present when the verdict was opened and read in court.   In all cases, it is true, what gives effect to the verdict of the jury is that it is delivered or opened and read in court, and then recorded.   It thereby becomes the act of the court. The record in this case does not show that the jury were present when the verdict was opened in court, and as it does not appear that the plaintiff in error waived his right to have the jury present when the sealed verdict was opened, for that reason the sentence and judgment of the district court will be reversed.

The counsel for the plaintiff in error has also made a motion to discharge him from the accusation against him in the indictment because he has once been tried before a jury, and no valid verdict has

been rendered; and it is insisted that to try him again will be to put him twice in jeopardy, contrary to the provisions of the constitution. That motion I shall overrule. He consented to receive a sealed verdict; that verdict was received, not under circumstances to make it such a verdict as to warrant an appellate court in sustaining a conviction upon it, but it cannot be regarded as placing the plaintiff in error twice in jeopardy because he has to be tried again. There was not the regularity upon which he had a right to insist in this verdict; but the government, I think, has the right to claim that he shall be tried again; and the only effect of the reversal of the action of the district court will be that a new jury must come to try the indictment, and, as the counsel agree that the trial may be in this court, it will be so ordered. Section 3, act March 3, 1879.

## NOTE.

IRREGULAR COMMUNICATIONS FROM COURT. That all communications with the jury should be in open court, in presence of counsel, is well settled: *Sargent* v. *Roberts*, 1 Pick. 337; *Com.* v. *Ricketson*, 5 Metc. (Mass.) 412; *Hall* v. *State*, 8 Ind. 439; *O'Connor* v. *Guthrie*, 11 Iowa, 80; *Hoberg* v. *State*, 3 Minn. 262; *Crawford* v. *State*, 12 Ga. 142; *State* v. *Frisby*, 19 La. Ann. 143; *State* v. *Alexander*, 66 Mo. 148; *Witt* v. *State*, 5 Cold. (Tenn.) 11; *Taylor* v. *State*, 42 Tex. 504; *Holton* v. *State*, 2 Fla. 476; *State* v. *Ladd*, 40 La. Ann. 271.

To receive a communication from the court they should be brought into court as a body: *Fisher* v. *People*, 23 Ill. 283. See, as to practice, *Hulse* v. *State*, 35 Ohio St. 421; *Buntin* v. *State*, 68 Ind. 38. The presumption is that communications made by the court to the jury, in contravention of these rules, are important, until the contrary is proved, though, if manifestly trivial, they will be regarded as giving no ground for revision; but if *prima facie* material, it must be shown, in order to meet exceptions taken to their delivery, that they were actually and necessarily inoperative, as when they consist merely in a reference to a charge already made in the presence of counsel on both sides in open court. See *Redman* v. *Gulnac*, 5 Cal. 148. Even a designation of particular statutes is a communication which, if made privately, may vitiate a verdict: *State* v. *Patterson*, 45 Vt. 308; see Proffat, Jury Trial, § 348. And so of a reference by the judge to a prior charge by him to the grand jury: *Holton* v. *State*, 2 Fla. 476. And of the reading by the jury of an imperfect report of the judge's charge to themselves: *Farrer* v. *State*, 2 Ohio St. 54.

But the inadvertent discovery by the jury, among the papers left in the court-room when they were deliberating, of the judge's notes, will not set aside a verdict when it appears that either the notes were not read, or, if read, they could have had no legitimate effect on the jury: *Chapman* v. *Railroad*, 26 Wis. 295. And mere trivial communications cannot be regarded as having any effect: *Hall* v. *State*, 8 Ind. 439. This has been held to be the case where the judge returned an application for further instructions without reply,

directing the officer to hand a volume of reports to the foreman, and requesting him to read a decision to the effect that the judge can only communicate with the jury in open court: *Com.* v. *Jenkins,* Thach. Crim. Cas. 118. And so where a case, as to the importance of jurors harmonizing, was sent to the jury: *State* v. *Pike,* 65 Me. 111; and where a part of the evidence was read by the court to the jury in the absence of the defendant and his counsel: *Jackson* v. *Com.* 19 Grat. 656.

POLLING JURY. In civil cases the polling of a jury is generally conceded to be at the discretion of the court: Proffat, Jury Trials; *Byrne* v. *Grossman,* 65 Pa. St. 310. In Massachusetts it is held to be discretionary with the court in criminal as well as in civil cases to grant an application for polling: *Com.* v. *Roby,* 12 Pick. 496; *Com.* v. *Costley,* 118 Mass. 1. The practice in New England is only to grant the application when there is some ground laid, and the assent of the jury individually to the appeal of the clerk, "and so you say all," is regarded as giving a sufficient assurance of the assent of all the jurors: *Fellow's Case,* 5 Greenl. 333. In several jurisdictions, however, it is held that the defendant has a right to have the polling ordered: *U. S.* v. *Potter,* 6 McLean, 182; *People* v. *Perkins,* 1 Wend. 91; *Fox* v. *Smith,* 3 Cow. 23; *Sargent* v. *State,* 11 Ohio, 472; *Wright* v. *State,* 11 Ind. 569; *State* v. *Austin,* 6 Wis. 205; *Nornague* v. *People,* 1 Breese, 111; *State* v. *John,* 8 Ired. 330; *State* v. *Young,* 77 N. C. 498; *State* v. *Allen,* 1 McC. 525; *Tilton* v. *State,* 52 Ga. 478.

But where the jury have been called upon to indicate their approval of the verdict as given by the foreman, and where they have given their assent, polling is an unnecessary cumulation of form. It should only, as principle, be required either (1) when there is no such distinctive appeal to the body of the jury as is the case when the clerk says, "and so you say all;" or (2) when there is some doubt as to the reply of the jurymen; or (3) when polling is made requisite by statute: See *U. S.* v. *Bridges,* U. S. Cir. Ct. Ala. 1879, where it was held by Judge Bruce that there could be no polling on a sealed verdict; and see criticisms in 1 Crim. Law Mag. 7; 1 Southern Law J. (N. S.) 9; and 10 Cent. L. J. 1.

So far as concerns the last point there can be no question as to the propriety of Judge Drummond's ruling. A sealed verdict cannot be properly rendered by being left with the clerk and opened by him in the absence of the jury. The verdict must be brought by the jury into court and opened in their presence. *U. S.* v. *Potter,* 6 McLean, 182; *Wright* v. *State,* 11 Ind. 569; *Martin* v. *Morelock,* 32 Ill. 485; *Fisher* v. *People,* 23 Ill. 285; *Stewart* v. *People,* 23 Mich. 63.                                    FRANCIS WHARTON.