# UNITED STATES OF AMERICA v. MARIANO ENSENA.

## July 18, 1914.

1. *Indictment—Sufficiency of allegations—Breaking into postoffice:* An indictment does not charge an offense under Penal Code, sec. 192, in alleging "the breaking and entering a certain building used in whole or in part as a postoffice," without describing the portion entered as being used for postoffice purposes.

2. *Same—Same—Statutory crimes—Allegation in language of statute:* Though it is a general rule that it is sufficient to charge a statutory offense in the language of the statute, the rule is not satisfied unless the pleading is certain and unambiguous. *United States v. Lee Kai Fai,* 3 U. S. Dist. Ct. Haw. 627, followed.

3. *Same—Same—Pleading facts by inference:* In criminal pleading an allegation of facts is not to be supplied by implication, at least where the implication is not conclusive.

4. *Same—Same—Allegation by reference aliunde:* Reference in one count of an indictment to facts stated in another count is not unavailing merely because the latter count is insufficient in law.

*Indictment:* Demurrer to indictment.

*J. Wesley Thompson,* Assistant U. S. Attorney, for the United States.

*Lorrin Andrews* for defendant.

CLEMONS, J. The defendant demurs to the three counts of the indictment on grounds hereinafter set forth.

The first count purports to allege a violation of Penal Code, section 192, by the act of:

"Feloniously break(ing) and enter(ing) a certain building then and there used in whole or in part as a postoffice of the United States of America, to-wit, a building at Ku-kuiaele, . . . . . . with the felonious intent then and there to commit a larceny, that is, to take, steal, and carry away personal goods of another."

The objections to this count are: (1) failure to charge

an offense; (2) indefiniteness and uncertainty in not stating whether the alleged breaking took place in the portion of the building used as a postoffice; and (3) indefiniteness and uncertainty in not stating whether the building was used in whole or in part as a postoffice, or whether the intent was to steal and carry away goods from the portion of the building used as a postoffice or from any other portion of the building.

[1] Though the editors' note to section 192 of Tucker and Blood's Annotated Federal Penal Code, at page 159, hereinafter quoted, may give support to this count as drawn, nevertheless it is my opinion that the reasons which impelled the sustaining of demurrers to a similar form of allegation in the cases of *Sorenson v. United States,* 168 Fed. 785, 788-789, and *United States v. Martin,* 140 Fed. 256, would compel the same conclusion here. See, also, *United States v. Campbell,* 16 Fed. 233, 6 Sawyer 20.

The statute, section 192, reads:

"Whoever shall forcibly break into or attempt to break into any post-office, or any building used in whole or in part as a post-office, with intent to commit in such post-offile, or building, or part thereof, so used, any larceny or other depredation, shall be fined not more than one thousand dollars and imprisoned not more than five years."

This section is the same as Revised Statutes, section 5478, involved in the cases just cited, except that the words "in such postoffice or building, or part thereof, so used" are substituted for "therein." And the editorial note above referred to, says that "the present form of this section is doubtless due to a line of decisions which held that under the former wording no crime was committed unless the defendant broke into or attempted to break into that part of the building actually used as a postoffice". However, the reasoning of Circuit Judge Shelby in *United States v. Martin,* 140 Fed. 256, is applicable here, though there applied to an offense within a State, and not as hereto

an offense within a Territory over which Congress has the power of legislation. Judge Shelby said, Id. 257, "A building used in part as a postoffice may have many stories and many rooms not so used, and it was not the intention of Congress, by this statute, to protect from larceny or other depredation property situated in a part of the building not used as a postoffice." Suppose a branch postoffice located in the westerly (makai) ground floor rooms occupied by the von Hamm-Young Company in the Alexander Young building in Honolulu: would this statute be violated by breaking and entering the room of a guest of the Young Hotel on the sixth floor in the extreme easterly (mauka) wing of the building?

The above-noted change in language effected by the Penal Code does not seem to make the intent any more apparent than it was before, to punish the breaking and entering of any place other than one used, or so much thereof as may be used, for postoffice purposes.

[2] Of the contention that this count is good because it "follows the language of the statute", it is enough to say that the general rule that it is sufficient to charge a statutory offense in the language of the statute, is not satisfied unless the pleading is certain and unambiguous. Where the statute makes alternative acts offense, it is of course not following the language of the statute in any sense of the rule to allege the commission of all the alternatives when they are inconsistent with each other. See *United States v. Lee Kai Fai*, 3 U. S. Dist. Ct. Haw. 627; *United States v. Cruikshank*, 92 U. S. 542, 557, 558; *United States v. Potter*, 27 Fed. Cas. 604, No. 16,077, 6 McLean, 182.

The demurrer to this count is, therefore, well founded.

The objections to the second count are: (1) failure to state any crime, and (2) untintelligibility, uncertainty, and want of sense.

A clerical mistake is evident in the striking of the words of the printed skeleton form, "do further present", from

the introductory phrase "and the grand jurors aforesaid do further present", and the misplacing of these words below; leaving the names of the defendants, where they first appear, without any apparent grammatical connection with the rest of the count. They may, therefore, be disregarded as neither aiding nor vitiating the allegation. The same comment may be made as to the words in the printed form, "District aforesaid", the preceding words "in the" having been inadvertently stricken out. There then remains the statement that:

"The grand jurors . . . on or about the 22nd day of April, . . . do further present that" the defendants "on the Island of Hawaii and within the Territory and District of Hawaii, unlawfully steal, take, and carry away certain and numerous letters", etc., "out of, and from the Post Office at Kukuihaele, the same being then and there within the custody and control of the Postmaster thereof, and subject to the directions of the Post Office Department of the United States, and the postage necessary for its conveyance having heretofore been paid, and having been delivered to the aforesaid postmaster at said place for distribution to whomsoever addressed; contrary to the form of the statute", etc.

This statement is uncertain for its failure to lay the time of the offense; the date at the beginning of the count cannot avail to fix this time, for if it refers to anything at all, it is only to the grand jury's presentment.

On this ground alone the objection to the second count is well taken. Other infelicities of expression, if not inadequacies, are apparent in this count.

The third count is in the main as follows:

"And the grand jurors aforesaid . . . do further present that Gregorio Lacruz and Mariano Ensena on or about the 22nd day of April 1914, . . . on the Island of Hawaii, and within the Territory and District of Hawaii. . . . did then and there . . . feloniously . . . destroy certain letters, packages, postal cards and

wrapped newspapers, the necessary postage for the conveyance of same having heretofore been paid, and the same having been deposited and posted in various post offices, and having reached the post office at Kukuihaele for distribution to whomsoever addressed, and having been stolen and carried away as set out in another count of this indictment", etc.

The objections to this count are (1) failure to state any crime; (2) vagueness and uncertainty in the use of the words "necessary postage for the conveyance of same having heretofore been paid;" and (3) vagueness and uncertainty in the reference to "another count of this indictment."

[3] Though this count is wanting in that clearness and certainty required in good pleading, especially in criminal cases, the second objection of vagueness and uncertainty is passed for the first and third, which are more vital. The first objection appears to be well taken. Referring to that. portion of the statute upon which this count is based, it will be noted that the mail matter whose destruction is inhibited, is mail matter "before it has been delivered to the person to whom it was directed". This is the only reasonable construction that we can give to the words "the same" in the phrase "or shall open, secrete, embezzle, or destroy the same." Penal Code, sec. 194. Inasmuch as "the functions of the postoffice department, and the powers of the Federal government, are at an end" upon the delivery of the mail matter to the addressee or to his authorized agent, the possibility of such delivery should be negatived,—as is not done here. For all that may be known from the indictment, the mail matter may have come into the addressee's hands before destruction. See *United States v. Sanders,* 27 Fed. Cas. 949, No. 16,219; 6 McLean, 598. This may seem a very strict view; but it is undoubtedly within the rule *fortius contra proferantem,* Joyce, Indictments, sec. 187, which includes the prin-

ciple than in criminal pleading an allegation of facts is not to be supplied by implication or inference, at least where, as here, the implication is not conclusive. Id. sec. 246; 22 Cyc. 293-294; *United States v. Post,* 113 Fed. 852, 854.

[4] For the third objection, it is said, that the weakness of the count to which it refers makes its incorporation in this count unavailing. I am inclined to disagree with this contention, *United States v. Ridgeway,* 199 Fed. 286, 288; but, at all events, as other considerations, as above, dispose of this count adversely to the government, it is unnecessary to go further.

For the reasons suggested, let the demurrer be sustained.