J. W. SCROGGS ET AL V. LOWELL O. MORGAN.

No. 7342.   Decided July 5, 1939.
Rehearing overruled July 26, 1939.
(130 S. W., 2d Series, 283.)

*C. A. Lord,* of Beaumont, for plaintiff in error.

It was error for the trial judge to receive and answer a communication from the jury, without having the jury to come into the court room and receive such answer and without the presence of the counsel for the parties in the case. Compton v. Jennings Lbr. Co., 295 S. W. 308; Wichita Falls Compress Co. v. W. L. Moody & Co., 154 S. W. 1032; Gerneth v. Galbraith-Foxworth Lbr. Co., 38 S. W. (2d) 775.

*McNeill & McNeill,* of Beaumont, for defendants in error.

When the jury does not leave their jury room, which opened into the court room where the court was in session, but the judge goes to the door of said jury room, receives a message from the foreman, writes his answer to their question, hands it to the foreman of the jury and returns to his bench, and the

counsel has voluntarily absented himself from the court room without notifying the judge, there is no error in such action of the court. Sheer Co. v. Wilson, 292 S. W. 531; Magnolia Pet. Co. v. Long, 126 Texas 195, 86 S. W. (2d) 450.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This was a suit for damages, in which defendant in error recovered judgment in the district court for $1800.00. This judgment was affirmed by the Court of Civil Appeals, 107 S. W. (2d) 911.

After the jury had retired to consider of their verdict, and while the Judge of the Court was engaged in the trial of another case, the jury indicated by knock on the door of the jury room a desire to communicate with the Court. The Judge went to the door of the jury room, which adjoined and opened into the regular court room. When the door of the jury room was opened, the foreman of the jury handed to the Judge the following written request:

"Hon. Geo. C. O'Brien, 58th District Court, City. In Answering Sp. Is. No. 1, will it be permissible to use the term 'approximate' in designating miles per hour?
"(Signed) A. L. Davis,
"Foreman of the Jury."

To this request the Judge replied upon the same slip of paper:

"Yes. Save this paper and return with the charge when through.
"(Signed) Geo. C. O'Brien, J."

Counsel for the parties in this case were not present, and knew nothing of the occurrence until the jury returned its verdict.

The question presented here is this: Was this action such infraction of the statutes as to require a reversal of the case?

Article 2197 of the Revised Statutes of 1925 prescribes the manner in which the court may communicate with the jury. We expressly refrain from passing on the question of whether or not the action of the Judge in this instance amounted to an improper communication with the jury. We think the matter is governed by Article 2198, pertaining to additional instruc-

tions which may be given to a jury after their retirement. That article is as follows:

"After having retired, the jury may ask further instructions of the court touching any matter of law. For this purpose they shall appear before the judge in open court in a body and through their foreman state to the court, either verbally or in writing, the particular question of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given except in conformity with the preceding rules and only upon the particular question on which it is asked."

Article 677 of the Code of Criminal Procedure is in like language.

Undoubtedly the transaction here involved was giving of an additional instruction to the jury. We do not think the materiality of such instruction is of decisive importance, but we note that in answering Special Issue No. 1 the jury used the word "approximately."

■ It seems to be a universal rule that the original instructions to a jury in any case must be delivered in open court, in the presence of the parties or their counsel, in order that they may have opportunity to know what they are, except to them if they wish, and ask additional instructions if they desire. Art. 2185, Revised Statutes 1925; 64 Corpus Juris, p. 628. The almost unanimous weight of authority seems to be that the same general rule has application to additional instructions given by the court on its own initiative, or at the request of the jury after retirement. 64 Corpus Juris, pp. 1042-1044. So much for the general rule.

Statutes similar to ours seems to have been adopted in practically all states and are a crystallization of the common law rule. In the case of Campbell v. Beckett, 8 Ohio St. 210, wherein the court had given to the jury a supplemental instruction during the absence of parties and counsel, and in discussing a like statute, the court said:

"We think these provisions of the code were intended to express, and do in fact correctly express, the common law rule of proceeding to be observed by the court in their instructions to the jury. This rule has never before been expressed by statute law in this state; but we recognize nothing novel in the rule as expressed, or different from that which, we think, has heretofore been generally regarded as the rule of prac-

tice in such cases in this state. Nor are we aware of any different rule of practice having obtained in any of the other states, or in England. The instruction of the court to the jury is an important part of a trial; frequently not less so than the evidence offered in the case, and ought not to be ex parte in character. The statute, giving a party the right of exception to the instructions of the court to the jury, impliedly gives him the right of an opportunity to hear the instruction so given. This right rests upon the same reason, independent of the statute, as does the right of hearing the evidence of his adversary in the case. If he deem the evidence of the adverse party untrue or exceptionable, he has the right to show the same by cross-examination, or by rebutting evidence, or exceptions thereto; and to the exercise of such right the presence of the party may be absolutely necessary. It might, perhaps, be sufficient in either case, to justify the court in proceeding with the trial, for notice to be given to the absent party, or his counsel, and thereby an opportunity of attendance given him. And, if, afterward, it should appear that the absence had been by unavoidable necessity, such an occurrence might even then be regarded as a good reason for a motion for a new trial, rather than constituting a just cause for reversal upon error."

It appears that in 1853 the Legislature adopted the germ of our present statute. Pascal's Digest, sec. 1464. Article 2198 in practically its present language was incorporated into the statutes of 1879 by the codifiers as Art. 1308, and in doing so they appear to have adopted in substance the language of the Supreme Court in the case of Taylor v. State, 42 Texas 504, decided in 1875. While that was a criminal case, and the language used had direct application to the rights of a defendant in a criminal action, yet it seems to have been intended to have application in all cases. This is evident from the fact that the codifiers adopted its language in substance in the statute of 1879.

In the Taylor case the foreman of the jury sent written request to the judge through the sheriff, the court being in session, and although the defendant and her attorney were present at the time when the request was delivered, the judge sent to the jury the additional charge without notice to the attorney, and without advising him of the communication from the jury. After setting forth the code provisions, both civil and criminal, the court said:

"These provisions, as may be supposed, were framed in

reference to a public trial by jury, and were intended to secure to the defendant the right of being heard by himself and his counsel, as guaranteed by the Constitution. The administration of the law in the prescribed form is designed to be a safeguard thrown around the citizen for his protection, and cannot be denied him. Otherwise, it would perhaps be impossible to lay down a rule which would admit of any certain and determinate application in jury trials. It is believed to be the better and safer practice, that the jury in a body should come into the court and there receive from the judge such further instructions as they may· desire, and that the instructions should be confined to the points on which they are asked, with notice to the defendant or his attorney."

The court referred to the provision with reference to appearance of the grand jury in open court and added: "And this requirement underlies the entire jury system."

■ In addition to the idea of safeguarding the jury from the possibility of any outside influence, embodied in Article 2197, the article under review embodies the further idea of allowing full· opportunity to the parties or their counsel of knowing of additional instructions which are given to the jury, with privilege of registering in a formal way their objections if any they desire to make. Of course, the trial judge must necessarily be accorded some freedom and discretion in the matter, but the statute seems to contain the mandatory requirement "that the jury in a body should come into court and there receive from the judge further instructions," and that reasonable opportunity should be afforded the parties or their counsel to be present when such instructions are given. The matter is not one in which the court may be guided by what it may deem the "spirit of the law." Reversible error is presumed from violation of the statute. Vaughn v. State, 102 Texas· Crim. Rep. 207, 277 S. W. 646; Parker v. Bailey, 15 S. W. (2d) 1033. The Legislature has fixed the standard, and if it is to be substantially departed from in any case, then, as said by the court in the case of Taylor v. State, supra, "it would perhaps be impossible to lay down a rule which would admit of any certain and determinate application in jury trials."

■ As bearing directly upon the matter of additional instructions to the jury after retirement, as distinguished from improper communication with the jury, we refer to the following cases: Corpus Christi Ry. Co. v. Kjellberg, 185 S. W. 430; Boyd v. Pennewell, 78 S. W. (2d) 456; Chouteau v. Jupiter

Ironworks, 94 Mo. 388, 7 S. W. 472; Fillippon v. Albion Vein Slate Co., 250 U. S. 76, 39 Sup. Ct. 435, 63 L. Ed. 853. In the last named case the Supreme Court has announced the underlying purpose of such a statute· in this language:

"We entertain no doubt that the orderly conduct of a trial by jury, essential to the proper protection of the right to be heard, entitles the parties who attend for the purpose to be present in person or by counsel at all proceedings from the time the jury is impaneled until it is discharged after rendering the verdict. Where a jury has retired to consider of their verdict, and supplementary instructions are required, either because asked for by the jury or for other reasons, they ought to be given either in the presence of counsel or after notice and an opportunity to be present; and written instructions ought not to be sent to the jury without notice to counsel and an opportunity to object. Under ordinary circumstances, and wherever practicable, the jury ought to be recalled to the court room, where counsel are entitled to anticipate, and bound to presume, in the absence of notice to the contrary, that all proceedings in the trial will be had. In this case the trial court erred in giving a supplementary instruction to the jury in the absence of the parties and without affording them an opportunity either to be present or to make timely objection to the instruction. (Citing authorities.)

"The circuit court of appeals considered that the jury had asked a plain question in writing concerning a matter of law, and the judge had answered it in writing plainly and accurately, and were of the opinion that since nothing else had occurred,—the question and answer having been preserved of record and counsel having been promptly notified of what had taken place, and given the opportunity of excepting to the substance of the instruction and to the manner of giving it,—no harm had been done, and none was probable to arise under like circumstances, and hence affirmed the judgment.

"It is not correct, however, to regard the opportunity of afterwards excepting to the instruction and to the manner of giving it as equivalent to an opportunity to be present during the proceedings. To so hold would be to overlook the primary and essential function of an exception, which is to direct the mind of the trial judge to the point in which it is supposed that he has erred in law, so that he may reconsider it and change his ruling if convinced of error, and that injustice and mistrials due to inadvertent errors may thus be obviated."

We have examined other assignments of error submitted

in application for writ of error and are of opinion that if any of them present reversible error, such error can be avoided upon another trial.

The judgments of the Court of Civil Appeals and the trial court are reversed and the cause is remanded.

Opinion adopted by the Supreme Court July 5, 1939.

Rehearing overruled July 26, 1939.