**J. A. BOLER, Appellant,**

v.

**William U. COUGHRAN, Jr., et ux.,**
**Appellees.**

**No. 13212.**

Court of Civil Appeals of Texas.

San Antonio.

June 26, 1957.

Rehearing Denied July 24, 1956.

Ewers, Cox & Toothaker, McAllen, for appellant.

J. D. Vollmer, Mercedes, for appellees.

BARROW, Justice.

This is a suit by appellant against appellees for damages for the alleged breach of a rent contract entered into between the appellant as lessor and the appellees as lessees. The contract was in writing and provided, among other things, for the rental of a cafe in the City of Pharr, Hidalgo County, Texas, for a period of five years, beginning December 7, 1953, and ending December 6, 1958. The contract further provided for the payment of the sum of $15,000, of which $1,650 was paid in advance,—$250 to pay the first month's rent and $1,400 to be applied on the rent for the

last six months. The contract provided for payment of $250 on the 7th day of each month, and also provided that in case of default on the part of appellees, appellant would have the right to resume possession and re-let the premises for account of appellees for the best rent obtainable and that appellees would be chargeable with the difference.

The record shows that appellees went into possession and operated and occupied the cafe until on or about June 7, 1955, when they vacated the premises. Thereafter appellant re-entered and rented the cafe to Durst Brothers, who occupied the premises from August 31, 1955, to October 31, 1955. On November 21, 1955, appellant entered and conducted the business and occupied the premises until June 7, 1956, when the business again folded up.

It is appellant's contention that appellees abandoned the premises and that he re-entered to manage the business for their account, without any intent to terminate the contract. On the other hand, it is appellees' contention that appellant accepted the surrender and thereby terminated their lease contract.

The case was submitted to a jury upon special issues, and Special Issue No. 5 was as follows:

"Do you find from a preponderance of the evidence that the plaintiff, J. A. Boler, terminated the cafeteria lease in question on or about the 7th day of June, 1955, by agreeing to the surrender of the premises by the Defendants William U. Coughran and wife?"

■ Appellant's bill of exceptions shows that after the charge had been read, the case argued, and the jury retired for deliberation for some time, appellees' attorney advised the court that he made a mistake in the date included in Special Issue No. 5, and that the date therein should be the "21st day of November, 1955, instead of the 7th day of June, 1955." Whereupon the trial court prepared, signed and sent to the jury by the bailiff the following instruction:

"The Court is correcting the date appearing in Special Issue No. 5 so as to make it read Nov. 21st, 1955 instead of 7th day of June, 1955, and you are instructed to change the date in said issue accordingly."

The appellant objected to this action upon several grounds, one being, that he had not been afforded an opportunity to argue such question to the jury. The court qualified the bill by certifying that appellant's counsel did not request further time to argue the case after the change. Notwithstanding the court's qualification, we think appellant's objection was sufficient to call the matter of argument of the new issue to the court's attention.

■■ We are not unmindful of the fact that clerical and typographical errors can be corrected without harmful effect, but in this case the record shows that an entirely different state of facts existed on November 21, 1955, from that which existed on June 7, 1955, and that the change in the date inquired about amounted to a withdrawal of the original issue and the submission of a new and different issue of fact.

Rule 286, Texas Rules of Civil Procedure, provides for giving additional instructions to the jury after their retirement, and provides that for this purpose they shall appear before the judge in open court in a body, and further provides that no instruction shall be given except in conformity with the rules relating to the charge. The rule also provides that additional argument may be allowed in the discretion of the court. We think the fact that this was a controlling issue in the case, and that the charge presented a new and different issue based on different evidence from that which would support the former issue, the trial court's action was erroneous.

While no complaint is made of the form of Special Issue No. 5, we think it involved

the result of the actions and conduct of the parties with reference to the property in question as well as the intention of the parties with reference thereto. Moreover, the new issue, containing a new date, inquired about and involved a consideration of all the facts which occurred between the two dates, which facts were not important under the first issue. Under such circumstances, the appellant should have been permitted to present argument to the jury on the new issue. The trial court's failure to permit such argument resulted in probable harm to appellant and requires a reversal of the judgment. Scroggs v. Morgan, 133 Tex. 581, 130 S.W.2d 283; Rule 286, T.R.C.P.

The other matters complained of are not likely to occur upon another trial and for that reason will not be discussed.

The judgment is reversed and the cause remanded.