**VANTAGE MANAGEMENT COMPANY, INC., Appellant,**

v.

**VISION INDUSTRIES CORPORATION, Appellee.**

No. 11–84–131–CV.

Court of Appeals of Texas, Eastland.

April 4, 1985.

Rehearing Denied May 16, 1985.

Jerry L. Hughes & Stanley F. Denman, Bliss & Hughes, Dallas, for appellant.

Charles O. Shields & Thomas Noble, Shields, Blankenship & Noble, Dallas, for appellee.

DICKENSON, Justice.

A Commercial Lease Agreement was executed by Vantage Management Company, Inc. (Lessor) and Vision Industries Corporation (Lessee) on September 10, 1981, covering 12,719 square feet in a Dallas industrial district building for a term of 60 months. The premises were to be used for manufacturing and assembling optical frames for safety glasses. When the lessee learned that the electrical power to the premises was not of sufficient capacity to operate its equipment, disputes and differences of opinion resulted as to whether the lessor or its real-estate agent had misrepresented the capacity of the electrical power or if there had been a mutual mistake as to the suitability of the premises for lessee's manufacturing plant. Lessee filed suit first, seeking cancellation of the lease and compensatory damages plus relief under the Deceptive Trade Practices Act. Lessor filed a counterclaim, seeking the unpaid lease rentals and attorney's fees. Following a trial by jury, judgment was rendered that the lessee recover the sum of $29,-832.83 (the amount of its payments to lessor) and declaring that all relief not expressly granted is denied. Both parties appeal. We reverse and remand.[1]

The verdict of the jury is summarized and discussed as set forth below:

### Question 1

Defendant's motion to disregard the answers to Questions 1, 1A, and 1B was granted on the basis that these answers have no support in the evidence.

The jury had answered these issues by finding: (1) Yes, Vantage represented to Vision that the building had 600 amperes of electrical service available; (1A) Yes, such representation was false; (1B) Yes,

---

1. This appeal was transferred from the Dallas Court of Appeals to this Court on April 26, 1984.

See TEX.REV.CIV.STAT.ANN. art. 1738 (Vernon Supp.1985).

such representation was a producing cause of actual damages to Vision.

## Question 2

Vantage did not know that the electrical power available to the premises was only 450 amperes; and Vantage did not know that the electrical system of the building had been damaged by burning.

## Question 3

This question was conditioned upon an affirmative answer to question 1 (as to which the motion to disregard was granted) or question 2 (which was answered in the negative).

$29,832.83 is the sum of money Vantage acquired from Vision by means of such representation or such failure to disclose.

## Question 4

After the closing arguments and during the jury's deliberations, in answer to a question from the jury and over the lessor's objection, the Court instructed the jury: "Do not answer Question 4 in the Court's original Charge. Instead, answer Questions 4A and 4B, and if required, 4C below.

The jury then found: (4A) Yes, Vision and Vantage entered into the lease of the building as a result of a mutual mistake of material fact as to whether the electrical system of the building had previously been damaged by burning; (4B) Yes, Vision and Vantage entered into the lease of the building as a result of a mutual mistake of material fact as to what electrical power was actually available; and (4C) Vision and Vantage had the same misunderstanding as to what electrical power was available to the building.

## Question 5

The reasonable and necessary attorney's fees for Vision are $30,000 in the

trial court; $5,000 in the Court of Appeals; and $3,000 in the Supreme Court.

## Question 6

The reasonable and necessary attorney's fees for Vantage are $31,000 in the trial court; $5,000 in the Court of Appeals; and $3,000 in the Supreme Court.

Vantage Management Corporation, as appellant and cross-appellee, has briefed nine points of error. Vision Industries Corporation, as appellee and cross-appellant, has briefed two cross-points. We overrule Vantage's points of error insofar as they urge that Vantage is entitled to judgment non obstante veredicto for unpaid rentals in the sum of $52,297.05 and attorney's fees in the sum of $36,000 because there is some evidence to support the jury's findings of mutual mistake. We overrule Vision's cross-point which urges that the trial court erred in disregarding the answers to Question 1 and in failing to award its attorney's fees in the sum of $35,000 in addition to the actual damages which were awarded. We sustain Vantage's point four [2] insofar as it states that the trial court erred in submitting a new issue on mutual mistake without allowing additional time for oral argument.

The record shows that while the jury was deliberating, the jury sent a note which asked: "Does question # 4 say that Vision and Vantage both believe that there was only 450 amp. in the building at the time of transactions taking place?" The following proceedings then occurred in open court (but not in the jury's presence):

THE COURT: Go ahead then.

MR. HUGHES: Your Honor, the defendant Vantage Management Company, Inc., objects to the submission of the issue and instruction to 4 a. and 4 b., since *it is a post jury argument submission* of an issue not authorized by any statute of the State of Texas or any Rules of the Rules of Civil Procedure. Rule 286 provides for additional jury in-

**2.** We need not discuss the other points of error and the other cross-point in view of our holding

on point four.

structions to clarify other instructions; does not provide for the submission of *new issues which would require new argument* and new consideration of the facts. Oh, excuse me, that's 4 a., b. and c. (Emphasis added)

\* \* \* \* \* \*

THE COURT: All right. For plaintiff.
MR. SHIELDS: Your Honor, please, we have no objection.
THE COURT: All right. The objections are overruled.

\* \* \* \* \* \*

MR. HUGHES: We further object that these instructions and special issues were not given in open court.
THE COURT: All right.

In connection with a similar situation, *Boler v. Coughran*, 304 S.W.2d 290 at 291 (Tex.Civ.App.—San Antonio 1957, writ refused) states:

> The appellant objected to this action upon several grounds, one being, that he had not been afforded an opportunity to argue such question to the jury. The court qualified the bill by certifying that appellant's counsel did not request further time to argue the case after the change. Notwithstanding the court's qualification, we think appellant's objection was sufficient to call the matter of argument of the new issue to the court's attention.
>
> (T)he change in the date inquired about *amounted to a withdrawal of the original issue and the submission of a new and different issue of fact.*
>
> Rule 286, Texas Rules of Civil Procedure, provides for giving additional instructions to the jury after their retirement, and provides that for this purpose they shall appear before the judge in open court in a body, and further provides that no instruction shall be given except in conformity with the rules relating to the charge. The rule also provides that additional argument may be allowed in the discretion of the court. *We think the fact that this was a controlling issue in the case, and that the charge*

*presented a new and different issue based on different evidence from that which would support the former issue, the trial court's action was erroneous* . . . .
*Under such circumstances, the appellant should have been permitted to present argument to the jury on the new issue.* The trial court's failure to permit such argument resulted in probable harm to appellant and requires a reversal of the judgment. (Emphasis added)

We hold that under the circumstances now before us, the trial court erred in submitting the revised question on mutual mistake, over appellant's objection and without allowing the parties "to present argument to the jury on the new issue."

The judgment of the trial court is reversed, and the cause is remanded.

