COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

CARLOS GUTIERREZ and JOSHUA                  )

RUSHING,                                                           )             
No.  08-04-00005-CV

                                                                              )

Appellants,                         )                   Appeal from the

                                                                              )

v.                                                                           )               
346th District Court

                                                                              )

AMHERST
COMPUTER PRODUCTS                )          
of El Paso County, Texas

SOUTHWEST, L. P.,                                            )

                                                                              )                
(TC# 2003-5314)

Appellee.                           )

 

 

MEMORANDUM   OPINION

 








This is an
accelerated interlocutory appeal from an order granting a temporary injunction
against Appellants Carlos Gutierrez and Joshua Rushing.  See Tex.Civ.Prac.&Rem.Code Ann. '
51.014(a)(4)(Vernon Supp. 2004); Tex.R.App.P.
28.1.  After
this appeal was perfected, Appellee Amherst Computer
Products Southwest L.P. (AAmherst@), the plaintiff below, filed notice in
the trial court in the underlying case on May 18, 2004, informing the court and
all parties that it was taking a nonsuit without
prejudice as to all claims against Appellants, but not as to its claims against
Defendant Analytical C. S., whom Amherst had joined as a party in the lawsuit while
this appeal was pending.  In response,
Appellants intervened in the lawsuit against Analytical C. S. on May 19,
2004.  Amherst has filed a motion
requesting this Court to dismiss the appeal as moot.  Appellants have filed a response, arguing
that the interlocutory appeal is not moot or alternatively, exceptions to the mootness doctrine apply.

Rule 162 of the
Texas Rules of Civil Procedure provides that A[a]t
any time before the plaintiff has introduced all of his evidence other than
rebuttal evidence, the plaintiff may dismiss a case,
or take a non-suit, which shall be entered in the minutes.@ 
Tex.R.Civ.P. 162.  In Texas, the plaintiff has an absolute right
to take a nonsuit upon a timely motion so long as the
defendant has not made a claim for affirmative relief prior to that time.  Gen. Land Office of State of Tex. v. Oxy
U.S.A., Inc., 789 S.W.2d 569, 570 (Tex. 1990)(plaintiff=s voluntary nonsuit
filed after entry of temporary injunction, during pendency
of accelerated appeal, rendered appeal moot and required dismissal); Greenberg
v. Brookshire, 640 S.W.2d 870, 872 (Tex. 1982)(trial court has no
discretion to deny nonsuit unless defendant has prior
to notice of nonsuit filed pleadings seeking
affirmative relief).  As a consequence of
Amherst taking a nonsuit in the underlying case, the
temporary injunction at issue in this appeal dissolved automatically without
need for a separate order and the appeal became moot.  See Gen. Land Office of State of Tex.,
789 S.W.2d at 571, citing International Ass=n of Machinists v. Federated Ass=n of Accessory Workers, 133 Tex.
624, 130 S.W.2d 283 (Tex.Comm=n
App. 1939, opinion adopted).








In their response
to Amherst=s motion
to dismiss the appeal, Appellants argue that they are still parties in Amherst=s suit against Analytical and that they
have an interest in the subject matter of the lawsuit.  In their respective original answers,
Appellants did not pray for affirmative relief, but rather merely resisted Amherst=s right to recover.  See In re Shockley, 123
S.W.3d 642, 647 (Tex.App.--El Paso 2003, no
pet.)(claim for affirmative relief in the pleading
must allege a cause of action on which a party could recover, independent of
the plaintiff=s
claim).  Appellants have attached a copy
of their plea in intervention in the trial court to their response.  Even if their pleading as intervenors
could be construed as seeking affirmative relief independent from Amherst=s cause of action, such relief was not
sought prior to the time Amherst filed notice of its nonsuit.  Absent any prior cross-action or prayer for
affirmative relief by Appellants, Amherst could take a nonsuit
in the trial court as to its claims against them as a matter of right.  

Alternatively,
Appellants argue that this Court may review this appeal because the case falls
within two exceptions to the mootness doctrine:  (1) the capability of repetition yet evading
review; and (2) the collateral consequences doctrine.  The repetition exception applies when the
issue avoids appellate review because the potentially recurring act is of such
short duration that the appellant cannot obtain review before the issue becomes
moot.  Gen. Land Office of State of Tex.,
789 S.W.2d at 571. 
To invoke the repetition exception, a plaintiff must prove that:  (1) the challenged action was too short in
duration to be litigated fully before the action ceased or expired; and (2) a
reasonable expectation exists that the same complaining party will be subjected
to the same action again.  Williams v. Lara, 52 S.W.3d 171, 184 (Tex. 2001).  The collateral consequences exception applies
when prejudicial effects of an event are not absolved by mere dismissal of the
cause as moot.  Gen. Land Office of
State of Tex., 789 S.W.2d at 571. We find that
neither exception is applicable in this case. 
There is nothing in the record to indicate Amherst has or will continue
to Aabuse@
the temporary injunction remedy nor are the collateral consequences of the
trial court=s
upholding of the Non-Compete Agreements in its now dissolved order so severe as
to require appellate review.








When an appeal
becomes moot, the appellate court is required to dismiss the cause of action,
not merely the appeal.  City of
Garland v. Louton, 691 S.W.2d
603, 604‑05 (Tex. 1985). Accordingly, we dismiss Amherst=s temporary injunctive relief claim
against Appellants and dismiss this appeal.

 

May
27, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.