MEMORANDUM OPINION



No. 04-07-00405-CV



Rodman Excavation, Inc. d/b/a RODMAN COMPANIES, San Antonio Division,


 Rodman Utilities, L.P., Rodman Power & Communications, LLC,

 Rodman Natural Resources, Inc., Rodman Paving, Inc. and Zach Hall,

Appellants


v.



YC Partners, Ltd., d/b/a YANTIS COMPANY,


Appellee



From the 285th Judicial District Court, Bexar County, Texas


Trial Court No. 2007-CI-03027


Honorable Larry Noll, Judge Presiding (1)



Opinion by: Karen Angelini, Justice


Sitting: Karen Angelini, Justice

 Phylis J. Speedlin, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: November 21, 2007


DISMISSED FOR LACK OF JURISDICTION

 This is an accelerated appeal from a temporary injunction. The issue before this court is
whether this appeal should be dismissed because the controversy upon which the appeal is based has
been rendered moot. We hold that the appeal is moot, and grant YC Partners, Ltd. d/b/a Yantis
Company's ("Yantis") motion to dismiss the appeal. 

 Factual and Procedural History


 Yantis and Rodman Excavations, Inc. d/b/a Rodman Companies, San Antonio Division,
Rodman Utilities, L.P., Rodman Power & Communications, LLC, Rodman Natural Resources, Inc.,
Rodman Paving, Inc. ("Rodman") are site developers that compete in the San Antonio market. Zach
Hall ("Hall") was employed by Yantis in September 2005. On October 31, 2006, Hall signed an
Employee Agreement prohibiting him from working for Rodman in any capacity for two years. 
Three weeks later, Yantis fired Hall. A month after his termination, Hall applied for a position with
Rodman and was hired shortly after when a position became available. Hall did not disclose to
Rodman that he had an employment contract with Yantis.

 Yantis sued Rodman and Hall, alleging various causes of action including: breach of contract;
unfair competition; tortious interference; and misappropriation of confidential information and trade
secrets. Yantis also filed an application for temporary restraining order and request for injunctive
relief, seeking to enjoin Rodman and Hall from taking any action inconsistent with the duties and
other obligations allegedly owed to Yantis. After a six day hearing, the trial court entered an
injunction that prohibited Rodman and Hall from using, directly or indirectly, any confidential
information that Hall may have obtained or had access to while employed by Yantis. Additionally,
the trial court enjoined Rodman from soliciting or hiring any Yantis employee who signed a new
non-competition agreement with Yantis after May 18, 2007, the last day of the hearing.

 Rodman appealed the trial court's order granting the temporary injunction, and filed its brief
on July 26, 2007. On August 15, 2007, Yantis filed a Notice of Partial Nonsuit in the trial court,
wherein it nonsuited a number of its claims, including all requested injunctive relief. Subsequently,
Yantis filed a second notice of partial nonsuit in the trial court, nonsuiting the same claims as before,
including all requested injunctive relief, only this time with prejudice. The remaining issues that
were not nonsuited are currently set for trial on December 10, 2007. 

Standard of Review

 An appellate court is prohibited from reviewing a temporary injunction that is moot because
such a review would constitute an impermissible advisory opinion. Nat'l Collegiate Athletic Ass'n
v. Jones, 1 S.W.3d 83, 86 (Tex. 1999); Camarena v. Texas Employment Comm'n, 754 S.W.2d 149,
151 (Tex. 1988). A temporary injunction becomes moot when a change in the status of the parties
or the passage of time makes the injunction inoperative or when the objective of the injunction is
accomplished. See Jones, 1 S.W.3d at 86; see also Reagan Nat'l Adver. v. Vanderhoof Family Trust,
82 S.W.3d 366, 371 (Tex. App.-- Austin 2002, no pet.). An appellate court must set aside all orders
pertaining to the temporary injunction and dismiss the case once it becomes moot on appeal. Isuani
v. Manske-Sheffield Radiology Group, 802 S.W.2d 235, 236 (Tex. 1991). The test for mootness is
whether the court's action on the merits would affect the rights of the parties. VE Corp. v. Ernst &
Young, 860 S.W.2d 83, 84 (Tex.1993).

Discussion


 Rodman maintains that the trial court abused its discretion in granting the injunction because
Yantis failed to prove a probable right to recover on its claims. And although Yantis dismissed with
prejudice all requested injunctive relief, including the injunction order Rodman is appealing, after
this appeal was filed, Rodman maintains that this court should nevertheless review the trial court's
order to preclude Yantis from thereafter asserting that it should prevail at trial because it has already
demonstrated "a probable right to the relief sought." 

 However, as a consequence of Yantis taking a nonsuit in the underlying case, the temporary
injunction at issue in this appeal dissolved automatically without need for a separate order and the
appeal became moot. See Gen. Land Office of State of Tex. v. OXY U.S.A., Inc., 789 S.W.2d 569, 571
(Tex. 1990) (citing Int'l Ass'n of Machinists v. Federated Ass'n of Accessory Workers, 133 Tex. 624,
130 S.W.2d 283 (Tex. Comm'n App.1939, opin. adopted)). Therefore, any opinion regarding
whether the trial court erred in granting the injunction, which has since been dissolved, would clearly
be advisory and without any practical legal effect. See Jones, 1 S.W.3d at 86; Camarena, 754 S.W.2d
at 151. Rodman's issue is denied.

 Rodman further makes a vague argument that it is entitled to Yantis's $100,000.00 injunction
bond. Specifically, Rodman states that "[i]f the Court decides to dismiss this appeal, the Court
should reiterate that Yantis' non-suit 'makes out a prima facie case of the right to recover damages'
for wrongful injunction," citing to Futerfas v. Park Towers, 707 S.W.2d 149, 159 (Tex. App.--
Dallas 1986, writ ref'd n.r.e.) and Payne v. Nichols, 176 S.W.2d 961, 964 (Tex. Civ. App.--
Galveston 1943, writ ref'd w.o.m.). However, as this argument is not properly before this Court, we
decline to address the merits of this argument, if any. See Tex. R. App. P. 33.1, 43.2.

Conclusion


 Accordingly, we grant Yantis's Motion to Dismiss Appeal and dismiss this appeal for lack
of jurisdiction.

 Karen Angelini, Justice


1. The Honorable Michael Peden is the presiding judge of the 285th Judicial District Court, Bexar County, Texas;
however, the challenged order was signed by the Honorable Larry Noll, presiding judge of the 408th Judicial District
Court, Bexar County, Texas.