## UNITED STATES *v.* CAMPBELL.

*(Circuit Court, D. Oregon.   May 10, 1883.)*

BREAKING INTO POST-OFFICE—SECTION 5478 OF THE REVISED STATUTES.

Section 5478 of the Revised Statutes, which provides for the punishment of any person who breaks into a building used in part as a post-office with intent to commit larceny therein, interpreted as if it read, with intent to commit larceny in the part of said building used as a post-office; and a demurrer sustained to an indictment drawn upon said section in the words thereof, because in effect it charged that the breaking was done with the intent to commit larceny anywhere in the building.

Demurrer to Indictment.

*James F. Watson,* for the United States.

*William Cullen Gaston,* for plaintiff.

DEADY, J.   Section 5478 of the Revised Statutes provides that "any person who shall forcibly break into, or attempt to break into, any post-office, or any building used in whole or in part as a post-office, with intent to commit therein larceny or other depredation, shall be punishable" as therein provided.   On October 20, 1882, an indictment was found by the grand jury of this district charging the defendant, on December 21, 1880, with forcibly breaking into a building at Oregon City, in this district, "which building was then and there used in part as a post-office of the United States, with the intent then and there, *in said building,* to commit the crime of larceny." The defendant demurs to the indictment for that it does not charge him with the commission of an act made criminal by any law of the United States, because the intent therein charged is not sufficient to make the alleged breaking a violation of any such law.

Taken literally and grammatically, the adverb "therein," in said section 5478, qualifies the verb "to commit," so that the intended larceny must be of something, either in a post-office or in a building

used in whole as a post-office, or in a building used in part as such office. But this statute was enacted in pursuance of the power conferred upon congress by section 8 of article 1 of the constitution—"to establish post-offices and post-roads," and "to make all laws which shall be necessary and proper for carrying into execution" such power.

The power to punish house-breaking generally, with or without an intent to commit larceny therein, is not conferred by these provisions of the constitution upon congress, but only so far as it may be necessary to conserve the property and operations of the post-office department.

What acts may be prohibited or made criminal in pursuance of this power can be best determined as the questions arise. But so long as the statute is open to any other construction, it will not be presumed that congress intended thereby to provide for the punishment of a house-breaking with intent to commit a larceny, that in no way affects the property of the post-office or that deposited therein, even if some part of the building broken into was then used as a post-office. Nor is it apparent upon what ground the constitutionality of such an act could be maintained.

Possibly it may be within the power of congress to punish the men "breaking into" a building which is used in part for a post-office, for the reason that such "breaking into" may impair the security of the portion used as a post-office, and that of the mails or other property deposited or used therein. But this statute is made, not simply to punish the "breaking into" a building used in part as a post-office. Such "breaking into" must also be accompanied with the intent to commit a crime therein. Now unless this crime, if accomplished, would interfere with the property or operations of the post-office, it is difficult to see on what grounds congress can assume to punish the attempt to commit it.

A building used in part as a post-office may contain many rooms besides the one or more used as a post-office. That there is some portion of it not so used is necessarily implied in the phrase "used in part as a post-office." To break into such a building with the intent to steal the purse of a lodger in a room therein that is in no way used as a post-office, nor connected with it, except that it is under the same roof, does not appear to me to be an act which the United States may punish, upon the ground that it is necessary to do so in the execution of the power granted to congress to establish a post-office.

Although the statute, taken literally, may mean a breaking with intent to commit a larceny in any part of a building that is only used in part for a post-office, yet, taken in connection with the subject-matter, and the apparent reason of its enactment, it is not by any means certain that such was the intention of congress in passing it. It is ambiguous and must be construed. In doing so this court will follow the rule laid down by Mr. Justice STORY in *U. S.* v. *Coombs,* 12 Pet. 76, as follows:

"If the section admits of two interpretations,—one which brings it within and the other presses it beyond the constitutional authority of congress,—it will become our duty to adopt the former construction; because a presumption never ought to be indulged that congress meant to exercise or usurp any unconstitutional authority, unless that conclusion is forced upon the court by language altogether unambiguous."

By this rule this statute must be interpreted as not intended to include a case of breaking into a building, used in part as a post-office, with intent to commit the crime of larceny anywhere therein; and it must be restrained in its application, as if it read, with intent to commit in such part thereof as may be used as a post-office, larceny or other depredation.

In an indictment for a crime defined by a statute, it is usually sufficient to follow the language of such definition. But when the language of the statute is ambiguous or defective, so that an indictment following the same does not, with reasonable certainty, notify the defendant of the offense for which he is to be tried, or omits some necessary ingredient of the crime in question, the indictment must, by the proper allegation, supply the omission or get rid of the ambiguity. Whart. Crim. Pl. & Pr. § 220; *U. S.* v. *Carll,* 105 U. S. 612.

The statute upon which the indictment is drawn, when properly interpreted, makes punishable the act of breaking into a building used in part as a post-office, with intent to commit larceny in the part so used, but not such a breaking with the intent to commit a larceny anywhere in such building.

The charge contained in the indictment is not, necessarily, a crime punishable by the laws of the United States. For aught that appears the defendant may have intended to commit larceny in a part of the building in question not used as a post-office; and, if so, the act is not within the jurisdiction of this court.

The demurrer is sustained.