### *In re* Byron.

#### *(Circuit Court, S. D. New York.* November 23, 1883.)

**HABEAS CORPUS—COMMITMENT BY UNITED STATES COMMISSIONER—SUFFICIENCY OF EVIDENCE.**

Where there is evidence tending to show that a party who has been committed by a United States commissioner for an offense against the laws of the United States is guilty, the sufficiency of such evidence is not open to review on proceeding by *habeas corpus;* and while the relator is held according to his judgment upon any competent evidence, he is not held in custody contrary to law.

*Habeas Corpus.*

*C. S. Spencer,* for relator.

*Benjamin B. Foster,* Asst. U. S. Atty., for the United States.

WHEELER, J. The relator is held in custody by the marshal, on a commitment by a commissioner of this court, awaiting the order of the judge of this district for his removal to the district of Connecticut, under section 1014, Rev. St., for breaking or attempting to break into the post-office at Birmingham, in the district of Connecticut, contrary to the provision of section 5478, Rev. St., and is brought before this court on *habeas corpus,* which is accompanied by a writ of *certiorari,* on which the proceedings before the commissioner have been certified to this court. There is no question but that the proceedings are in accordance with the provisions of section 1014. The only questions made are whether the offense charged is in law an offense under any valid law of Congress; and, if it is, whether there is any sufficient proof of the commission of such an offense by the relator to warrant his detention by these proceedings. The statute (section 5478) makes the forcible breaking or attempting to break into any post-office, or any building used in whole or in part as a post-office, with intent, etc., an offense. It is objected that the United States is not alleged nor shown to have title to this post-office; and that it is in a block, the rest and a large part of which is used for other purposes, so that there is no wrongful act shown against any property of the United States, and none but what would be an offense against the state and not against the United States.

It is not contended but that under the authority conferred by the constitution upon congress to establish post-offices and post-roads, is included the power to make depredations or attempts at depredation upon post-offices criminal offenses; but it is claimed that no power is given to make that an offense against the laws of congress which does not affect the government property or post-office at all, although done near to it. While it might be that there would be a lack of authority as to an offense against mere private property, although near to the government office, that defect would not be available here, for the testimony of the postmaster shows clearly an attack by some person on the post-office itself. This testimony of the postmaster supplies fully the want of evidence of the *corpus delicti* claimed in argument to be wholly lacking. There remains nothing but the claim that there is no sufficient evidence to warrant holding the relator for this offense. There is some evidence tending to show that he is the person who committed it. The sufficiency of this evidence is not open to review on this proceeding. *In re Stupp,* 12 Blatchf. 501. The commissioner is to judge of the sufficiency of the evidence, and while the relator is held according to his judgment upon any competent evidence he is not held in custody contrary to law.

The relator is remanded to the custody of the marshal, and the writ of *certiorari* dismissed.