## UNITED STATES v. WILLIAMS.

(District Court, E. D. South Carolina. July 7, 1893.)

POST OFFICE— BREAKING AND ENTERING TO COMMIT LARCENY — INDICTMENT— BUILDING PARTLY USED FOR OTHER PURPOSES.

An indictment under Rev. St. § 5478, charging that defendant broke into a building used in part as a post office, "with intent to commit there-

in larceny," and did then and there steal moneys belonging to the post-office department of the United States, is sufficient without charging that the intent was to commit larceny in that part of the building used as a post office, and that the breaking and entering was into that part. U. S. v. Campbell, 16 Fed. Rep. 233, distinguished.

At Law. Indictment against Prioleau Williams for breaking into a building used in part as a post office, with intent to commit larceny therein. On demurrer to the indictment. Demurrer sustained.

George Von Kolnitz, for the motion.
E. F. Cochran, Asst. U. S. Atty.

SIMONTON, District Judge. The defendant was indicted under section 5478, Rev. St., in these words:

"At a stated term of the district court of the United States for the eastern district of South Carolina, begun and holden at Charleston, within and for the district aforesaid, on the first Monday of July, in the year of our Lord one thousand eight hundred and ninety-three, the jurors of the United States of America within and for the district aforesaid, that is to say, upon their oaths respectfully do present that Prioleau Williams unlawfully and forcibly did break into a building used in part as the post office at Parlers, in the said county of Orangeburg, and in said state, with intent to commit therein larceny, and did then and there steal, take, and carry away moneys belonging to the post-office department of the United States, of the value of two dollars and sixty-nine cents, contrary to the act of congress in such case made and provided, and against the peace and dignity of the United States."

At the call of the case he interposed an objection to the indictment in the nature of a demurrer. His position is this: The indictment charges that the defendant forcibly broke into a building used in part as a post office, with intent to commit larceny therein; that, in order to give this court jurisdiction of this offense, the forcible breaking into must be in that part of the building used as a post office, and not in that part of the building not in such use; that by the terms of this indictment this does not appear, and that the word "therein" may mean any part of the building, only a part whereof is in use as a post office; that this makes the indictment fatally defective.

The indictment is in the words of the section, and, if the language in the section makes out the offense, the indictment must stand. This section is under a subdivision,—"Postal Crimes." The offense defined is "forcibly breaking into or attempting to break into any post office or building used in part as a post office, with intent to commit therein larceny," etc. Clearly, the word "therein," qualifying both members of the sentence, means "in the post office." The last part of the indictment fixes its meaning positively, so that the defendant is not unadvised of the charge against him, and is in no danger of surprise. The defendant quotes in support of his position the reasoning of Judge Deady in U. S. v. Campbell, 16 Fed. Rep. 233. The indictment before Judge Deady charged the defendant with breaking into a building used in part as a post office, with intent to commit larceny "in that building." It did not follow the

language of the statute, but made use of a word of much more wide signification than that used in the statute.

The demurrer is overruled.