## UNITED STATES v. SAUNDERS.

### (District Court, D. Indiana. November 21, 1896.)

#### No. 5,661.

CRIMINAL LAW—FEDERAL JURISDICTION—LARCENY IN POST OFFICE.

In Rev. St. § 5478, which provides for the punishment of any person who shall break into any building used in part as a post office "with intent to commit therein larceny," "therein" refers to that part of the building used for a post office, and a breaking into any part of the building with intent to commit larceny in the part so used constitutes an offense against the United States, of which the federal courts have jurisdiction. U. S. v. Campbell, 16 Fed. 233, distinguished.

Motion to quash an indictment charging Calvin Saunders with breaking into a building used in part as a post office, with intent to steal goods and chattels of the United States.

Frank B. Burke, for the United States.
Frederick W. Cady, for defendant.

BAKER, District Judge. The grand jury have returned into court an indictment as follows:

The grand jurors of the United States within and for the district of Indiana, impaneled, sworn, and charged in said court at the term aforesaid, upon their

oath present that Calvin Saunders, late of said district, at the district aforesaid. on the twentieth day of July, in the year of our Lord one thousand eight hundred and ninety-six, unlawfully, knowingly, forcibly, and feloniously did then and there break into a certain building, then and there used in part as a post office of the United States, at Ovid, in said district, with intent then and there unlawfully and feloniously to steal, take, and carry away the personal goods and chattels of the United States then and there and therein situate, and with intent to commit other depredations therein, contrary to the form of the statute of the United States in such case made and provided, and against the peace and dignity of the United States of America.

The defendant has interposed a motion to quash, on the ground that the indictment does not state facts sufficient to constitute a public offense cognizable by the courts of the United States. It is insisted that the indictment does not show that the defendant broke into that part of the building used as a post office, and that the constitution does not empower congress to make it a criminal offense to break into those parts of such a building as are used for other purposes than that of a post office, even though the breaking in may be with the intent to steal the property of the United States. In support of his contention, the case of U. S. v. Campbell, 16 Fed. 233, is cited and relied on. In this case the defendant was charged with forcibly breaking into a building at Oregon City, which building was then and there "used in part as a post office of the United States, with the intent then and there, in said building, to commit the crime of larceny." The court sustained a demurrer to the indictment, on the ground that, for aught that appeared, the defendant may have intended to commit larceny in a part of the building not used as a post office, and, if so, that the offense was not within the jurisdiction of the courts of the United States.

Section 5478 of the Revised Statutes of the United States provides that "any person who shall forcibly break into or attempt to break into any post office, or any building used in whole or in part as a post office, with intent to commit therein larceny or other depredation, shall be punishable" as therein provided. The language employed, taken literally, may mean a breaking with intent to commit a larceny in any part of a building that is only used in part for a post office. Thus construed, it would make the statute cover and make criminal acts which might in no wise affect the postal service, and that, too, where the party charged had no intent to commit a larceny in that part of the building used for a post office. Such a construction is not admissible. In the words of the statute, "with intent to commit therein larceny or other depredation," the word "therein" obviously refers to that part of the building used for a post office. Under this construction, if there is a breaking into any part of a building used in part for a post office, with intent to commit larceny in the part so used, it constitutes an offense, within the true meaning of the statute; and, so construed, the statute is open to no constitutional objection. Congress has undoubted power, in providing for the protection of the postal service, to make any breaking which may impair the security of that part of the building used for such purpose a criminal offense, when such breaking is done with intent to commit larceny therein. This view finds full

support in the case of U. S. v. Williams, 57 Fed. 201. In this case the indictment charged that the defendant forcibly broke into a "building used in part as a post office, * * * with intent to commit therein larceny, and did then and there steal moneys belonging to the United States." The court held the indictment sufficient. In the present case the indictment charges the breaking into a building used in part as a post office, with intent to steal the property of the United States therein. The defendant is advised of the precise character of the charge made against him, and such charge is within the true meaning of the language employed in the statute. The motion to quash is overruled.