UNITED STATES v. SHELTON.

(Circuit Court, D. South Carolina. April 9, 1900.)

POST OFFICE—BREAKING INTO—CONSTRUCTION OF STATUTE.

A defendant cannot be convicted under Rev. St. § 5478, making it an offense against the United States to "forcibly break into, or attempt to break into, any post office, or any building used in whole or in part as a post office, with intent to commit therein larceny, * * *" where the uncontradicted evidence shows that the breaking into, the entry, and the larceny were neither of them in that part of the building used as a post office.

Indictment for violation of section 5478 of the Revised Statutes of the United States.

Abial Lathrop, U. S. Atty., and E. F. Cochran, Asst. U. S. Atty.

H. A. M. Smith, for defendant.

SIMONTON, Circuit Judge. The defendant was indicted, under section 5478 of the Revised Statutes of the United States, for breaking into a building used in part as a post office, with intent to commit larceny therein. Upon his trial the witnesses for the government testified: That the building in which was the post office was used also as a store for the sale of merchandise. That the post office was on the same floor, and in the same room,—not railed off. That it was on the side of this room, occupying a small space therein. That, the morning of a day stated in the indictment, a window of the store was discovered to have been broken open, and the store was found to have been entered and robbed. Money was taken from the money drawer of the store, and a watch hanging up over this drawer was also taken. No money or other property was taken from any part of the place used as a post office, nor was there any evidence that that part had been entered or disturbed. Thereupon counsel for the defendant asked that the jury be instructed to find the defendant not guilty.

The language of section 5478 is this:

"Any person who shall forcibly break into, or attempt to break into, any post office, or any building used in whole or in part as a post office, with intent to commit therein larceny or other depredation, shall be punishable by a fine of not more than one thousand dollars, and by imprisonment at hard labor for not more than five years."

If we construe this section to mean that any entry, with felonious intent, into any part of a building used in part as a post office, is punishable in the federal court, then it would give the court jurisdiction of a common-law offense. This jurisdiction federal courts cannot exercise. But, if we construe the section to punish an entry into that part of the building used as a post office, with intent to commit larceny therein, the jurisdiction can be sustained. The section is ambiguous. Under these circumstances, it must be construed

"ut magis valeat quam pereat." "If," says Mr. Justice Story in U. S. v. Coombs, 12 Pet. 76, 9 L. Ed. 1006, "the section admits of two interpretations,—one which brings it within, and the other passes it beyond, the constitutional authority of congress,—it will become our duty to adopt the former construction, because a presumption never ought to be indulged that congress meant to exercise or usurp any unconstitutional authority, unless that conclusion is forced upon the court by language altogether unambiguous." In U. S. v. Campbell (C. C.) 16 Fed. 233, Judge Deady sustained the demurrer to an indictment charging a defendant under this section, because the indictment did not state that the larceny was intended for that part of the building used as a post office. In U. S. v. Williams (D. C.) 57 Fed. 201, an indictment under this section was sustained. The word "therein," in the indictment, used also in the section, was held to refer to the post office. It was thus distinguished from the case of U. S. v. Campbell. The indictment in this latter case used the words "in said building," and so would mean in any part of the building, whether used as a post office or not. So it was held bad on demurrer. This construction of the section seems, also, to have met the approval of Judge Brown, of New York, in U. S. v. Yennie (D. C.) 74 Fed. 221. It is distinctly decided in U. S. v. Saunders (D. C.) 77 Fed. 170. The evidence being uncontradicted that the breaking into, the entry, and the larceny were neither of them in that part of the building used as a post office, the defendant cannot be convicted under this section. The jury will find him not guilty.