UNITED STATES v. MARTIN et al.

(Circuit Court, N. D. Alabama, N. D. August 24, 1905.)

No. 6,781.

POST OFFICE—BREAKING INTO—CONSTRUCTION OF STATUTE.

An indictment does not charge an offense under Rev. St. § 5478 [U. S. Comp. St. 1901, p. 3696], making it a criminal offense against the United States to "forcibly break into, or attempt to break into, any post office, or any building used in whole or in part as a post office, with intent to commit therein larceny," where it charges the breaking into a building used in part as a post office with intent to commit larceny "in said building," but fails to charge an intent to commit larceny in that part of the building used as a post office, to which part only the statute applies.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Post Office, § 80.]

Criminal Prosecution. On demurrer to indictment.

Nenian L. Steele and Wm. H. Standifer, Asst. U. S. Attys.
Erle Pettus, for defendants.

SHELBY, Circuit Judge. The first count of the indictment charges that:

"Thomas Martin and Columbus Martin a certain building there situate and then used in part as a post office of the United States, feloniously did break into and enter, with intent the moneys, postage stamps, money order blanks, goods, and chattels of the United States in the said building then being, and the moneys, goods, and chattels of one J. R. N. Power in said building then be-

ing, then and there feloniously to steal, take, and carry away, contrary to the form of the statute," etc.

The second count was in substance the same, except that it contained allegations as to the value of the personal property described.

The defendants demur to the indictment, because it fails to aver that the defendants broke into that part of the alleged building used as a post office, and also because it fails to aver that the defendants feloniously broke into and entered a building used in whole or in part as a post office of the United States with the intent to commit larceny or other depredation in that part of the building so used as a post office.

The defendants are charged under section 5478 of the Revised Statutes [U. S. Comp. St. 1901, p. 3696], which provides for the punishment of—

"Any person who shall forcibly break into, or attempt to break into, any post office, or any building used in whole or in part as a post office, with intent to commit therein larceny or other depredation."

It will be observed that the indictment does not follow the statute by alleging that the breaking was with the intent to commit "therein" the designated offense. It is charged that the intention was to steal property "in the said building then being"—not in that part of the building used as a post office. The power to pass this statute is conferred on Congress by section 8 of article 1 of the Constitution, "to establish post offices and post roads," and "to make all laws that shall be necessary and proper for carrying into execution" such power. The United States courts have no jurisdiction of common-law offenses, and it is clear that the Constitution confers no authority on Congress to enact a general statute against burglary. The statute quoted is one against burglary in a post office, or in a building used in whole or in part as a post office, with intent to commit "therein"—that is, in the post office, or in the part of the building used as a post office—larceny or other depredation. A building used in part as a post office may have many stories and many rooms not so used, and it was not the intention of Congress, by this statute, to protect from larceny or other depredation property situated in a part of the building not used as a post office. In United States v. Campbell (C. C.) 16 Fed. 233, an indictment like the one at bar was held bad on demurrer. The case was cited and approved by Judge Simonton in United States v. Shelton (C. C.) 100 Fed. 831. See, also, United States v. Williams (D. C.) 57 Fed. 201; United States v. Saunders (D. C.) 77 Fed. 170.

The demurrer is sustained.