## McNEALY v. JOHNSTON, Warden.
### No. 22959–R.

District Court, N. D. California, S. D.
Nov. 30, 1939.

Vincent Cullinan, of San Francisco, Cal., for petitioner.

Frank J. Hennessy, and A. J. Zirpoli, U. S. Atty. and Asst. U. S. Atty., both of San Francisco, Cal., for the United States Government.

ROCHE, District Judge.

Petitioner first applied for a writ of habeas corpus in this District Court on January 8, 1938. At that time his petition was denied because it had been prematurely brought and petitioner was not entitled to his freedom. The decision of the District Court was affirmed in an opinion by the Circuit Court of Appeals (McNealy v. Johnston, 1938, 9 Cir., 100 F.2d 280), which set forth a full statement of the issues and then concluded that petitioner was not entitled to a writ. For purposes of this present application, which was filed on March 21, 1939, a restatement of the pertinent facts is necessary.

Petitioner is confined at the United States Penitentiary on Alcatraz Island. He is held under two commitments based on indictments filed in United States District Courts of Florida and Alabama. After petitioner pleaded guilty to both indictments, the following sentences were imposed: On the Florida indictment, five years on count one and five years on count two, to run consecutively; on the Alabama indictment, three years, "beginning at the expiration of the sentence he is now serving for the Southern District of Florida; for his violation of Sec. 37, P.C. [18 U.S.C.A. § 88], and Secs. 190 and 192, P.C. [18 U.S.C.A. §§ 313, 315]".

The first count of the Florida indictment dealt with the breaking into and entering a building used in part as a postoffice; the second count was for theft of stamps and money from the postoffice. The commitment issued by the Florida court recited that petitioner had been convicted of breaking into a United States postoffice and stealing postage stamps therefrom.

Petitioner began serving the Florida sentence on December 20, 1933. (The Alabama sentence was imposed on January 15, 1934.) According to 18 U.S.C.A. § 710, petitioner is entitled to a credit of eight days per month for good behavior. In addition he may receive credit for industrial good time. On July 16, 1939 petitioner completed eight years on his sentences, counting 887 days credit, which was composed of 768 days good time plus 119 days industrial good time.

It is petitioner's contention that he has served his full time on the valid portions of the sentences and that he is now entitled to his freedom. Specifically, petitioner challenges the validity of the first count in the Florida indictment, the length of the sentence on the second count, and the consecutive character of the sentence on the Alabama indictment.

■ The first count of the Florida indictment attempted to charge petitioner with a violation of section 192 of the United States Criminal Code, which makes entrance into a United States postoffice, with intent to steal therefrom, a crime. But the count in question recites that petitioner: "did unlawfully, wilfully, knowingly, feloniously, and forcibly break into a building, which was then and there used in part as a postoffice of the United States * * *, with the intent to commit larceny in said building." Such a charge fails to allege the two elements which are essential under section 192: First, breaking into the postoffice part of a building; and second, doing such an act with intent to commit larceny in that part of the building. Both of these averments are necessary in the first count of the indictment. Sorenson v. United States, 1909, 8 Cir., 168 F. 785; United States v. Campbell, 1883, C.C., 16 F. 233; United States v. Shelton, 1900, C.C., 100 F. 831; United States v. Martin, 1905, C.C., 140 F. 256. Therefore the first count does not allege a federal offense and the court had no power to sentence petitioner under that count. And since the first count of the Florida indictment is void, petitioner is required to serve only eight years under the valid count of the Florida indictment together with the sentence imposed by the Alabama court. Petitioner has now served his eight years—including time for good behavior and industrial effort—so he is being unlawfully restrained of his liberty in Alcatraz Penitentiary.

Two other points have been raised by petitioner in his application for a writ of habeas corpus. These will be briefly discussed, in view of our ruling that petitioner is entitled to his freedom because of the invalidity of the first count of the Florida indictment.

■ Petitioner alleges that the second count of the Florida indictment, which deals with the theft of government property from a postoffice, was misconstrued by the District Court when it imposed a sentence of five years. Such a sentence was based on section 47 of the United States Criminal Code, 18 U.S.C.A. § 100, which is the general section applicable to the theft of federal property. A maximum sentence of five years is permitted under this section. Petitioner asserts that the District Court was in error when it applied section 47 instead of section 190, which fixes a maximum sentence of three years for the theft of postal property. The latter section is specific, covering the crime allegedly charged in the second count of the Florida indictment, whereas the former section is general, covering all thefts perpetrated against the federal government. The rule of law is well established that where two statutes, one general and one specific, deal with the same subject matter, the specific controls. Weaver Co. v. Commissioner, 1938, 97 F.2d 31; Mercado v. Superior Court, 1938, 51 Ariz. 436, 77 P.2d 810; Missouri v. Ross, 1936, 299 U.S. 72, 57 S. Ct. 60, 81 L.Ed. 46. However, in the petition before the court, a valid indictment is drawn up under section 47 of the Criminal Code, while it is questionable whether a crime in violation of section 190 has also been alleged in the second count of the Florida indictment. The pertinent part of the second count reads that petitioner did "steal * * * certain property of the United States * * * out of the building used in part as a postoffice". Such language may be held to state a crime within section 47 only, and cases such as Phillips v. Biddle, 1926, 8 Cir., 15 F.2d 40; Tartar v. Commonwealth, 1937, 267 Ky. 502, 102 S.W. 2d 971; and Price v. United States, 1934, 5 Cir., 74 F.2d 120, which hold that a specific statute must prevail over a general, may not be applicable. In any event, it is not necessary for petitioner's writ that the sentence of five years on the second count be declared void as to the allegedly excessive portion of two years, because petitioner is entitled to his freedom in accordance with our interpretation of the first count in the Florida indictment.

■ The final point raised by petitioner —that the Alabama sentence runs concurrently with the Florida sentences and has therefore been served—is not well taken. The Circuit Court of Appeals, in McNealy v. Johnston, above, 100 F.2d at page 282, stated "we think there is no serious uncertainty in the language of the trial court", when the point was raised that the Alabama sentence was so ambiguous as to require the interpretation that it must run concurrently with the second Florida sentence. Furthermore, in view of our ruling that the first count of the Florida indictment is void, there was only one sentence which petitioner could serve for his crime in Florida, and the language used by the Alabama court, "at the expiration of the sentence he is now serving", could apply only to it. Therefore the three year Alabama sentence was

consecutive, as the court clearly intended it to be.

On the basis of the invalidity of the first count of the Florida indictment, petitioner has served his full sentence. The writ of habeas corpus will be issued and the petitioner will be discharged; but pending an appeal from the decision of this court he shall be enlarged upon recognizance with surety in the sum of $1,000, for appearance to answer the judgment of the appellate court, in accordance with Rule 29 of the Rules of Court for the Ninth Circuit.