James T. Gooch, United States Attorney, Gerland P. Patten and W. H. Gregory, Assistant United States Attorneys, all of Little Rock, Ark., for the United States.

M. Fuller Highsmith, Batesville, Ark., for defendant.

LEMLEY, District Judge.

This cause comes on for hearing upon the petition of the defendant to vacate and set aside a portion of the judgment and sentence of the Court, imposed upon him on May 27, 1947. The defendant was indicted in four counts; the first and third counts of the indictment charged him with having burglarized, respectively, the post offices at Beedeville and Oil Trough in north Arkansas, and the second and fourth counts charged him with having stolen postal funds from each of said offices. The first and third counts were laid under Section 315 of old Title 18 U.S.C.A.[1] and the

### UNITED STATES v. CLIFTON.
### Crim. A. No. 1569.

United States District Court
E. D. Arkansas, N. D.

Aug. 14, 1950.

1. Section 315 of Title 18, U.S.C.A. was re-enacted by Congress in June of 1948 without any material changes so far as this case is concerned, and now appears as Section 2115 of New Title 18 U.S.C.A. Section 315 was derived from R.S., Section 5478, which was supplanted by Section 192 of the Criminal Code in 1909. Section 315 of Title 18 and Section 192 of the Criminal Code are identical. There were material differences in the wording of R.S. § 5478 and Section 192 of the Criminal Code. Most of the cases hereinafter discussed arose under R.S. § 5478.

second and fourth counts were laid under Section 313 of said Title.[2]

The defendant was represented by counsel at his arraignment; the several counts of the indictment were read to him, and the consequences of a plea of guilty or a conviction were explained. Defendant entered pleas of guilty to all four counts of the indictment, in which pleas his attorney concurred; cumulative sentences totalling ten years were imposed. In the present proceeding he attacks the sentences imposed on the first and third counts; the validity of the sentences imposed on the second and fourth counts is unchallenged. It is the defendant's position here that the first and third counts of the indictment are fatally defective in that they do not allege offenses against the United States.[3]

The first count of the indictment alleged that on or about November 19, 1946, the defendant "did at Beedeville, in the County of Jackson, State of Arkansas, knowingly, unlawfully, and forcibly break into a building at Beedeville, Arkansas, then and there used in part as a Post Office of the United States with the intent then and there to commit a larceny in that part of said building so used as a Post Office of the United States, thereby violating Section 315, Title 18 United States Code Annotated." The third count was identical with the first except it alleged the commission of the same offense at Oil Trough in Independence County on December 22, 1946.

Both Beedeville and Oil Trough are rural communities, and the post offices serving them are located in buildings occupied in part by mercantile establishments. The defendant admits that he broke into these buildings but claims that his entries were made into those portions of the buildings devoted to mercantile purposes rather than into those portions occupied by the respective post offices. It is his contention that, with respect to buildings used only in part as post offices, an essential element of the offense of "post office burglary" is that the initial "break-in" be into the post office proper, and that if entry to the building is gained at any part thereof other than that used as a post office, no crime is committed under Section 315 of old Title 18. He argues that since the first and third counts did not allege that he broke into the post office parts of the buildings at Beedeville and Oil Trough, these counts did not allege offenses against the United States.

Section 315 of old Title 18 is as follows: "Whoever shall forcibly break into or attempt to break into any post office, or any building used in whole or in part as a post office, with intent to commit in such post office, or building, or part thereof so used, any larceny or other depredations, shall be fined not more than $1,000 and imprisoned for not more than five years."[4]

When we construe this statute in accordance with the language thereof and in the light of the purpose for which it was enacted,[5] we are convinced that there is no merit in defendant's contention. We

---

2. Repealed by Act of June 25, 1948, and now covered by Section 1707 of New Title 18 U.S.C.A.

3. Defendant requested that counsel be assigned to prosecute his petition, which request was granted. The cause has now been submitted upon the petition and amendment thereto, the Government's response, the transcript of the arraignment proceedings, oral argument on the petition, and written briefs.

4. R.S. § 5478, which was in force prior to 1909, reads as follows: "Any person who shall forcibly break into, or attempt to break into any post-office, or any building used in whole or in part as a post-office, with intent to commit *therein* larceny or other depredation, shall be punishable by a fine of not more than One Thousand Dollars and by imprisonment at hard labor for not more than five years." (Emphasis supplied.) The uncertainty in the scope of the adverb "therein" in the original statute gave a good deal of trouble to the courts as will be hereinafter observed, and in 1909 the language was changed to read as shown in the text hereof.

5. In Schwyhart v. U. S., 8 Cir., 82 F.2d 725, 726, the Court said, "The object of the statute was to protect the postal service of the United States and to secure the buildings used for postal purposes from felonious breaking and entry with the criminal intent defined in the statute." The "criminal intent defined in the statute" is, of course, the intent

are of the opinion that to make out an offense under this statute, with respect to a building used in part as a post office, two things are necessary: First, a forcible entry or attempted entry into some part of the building. Second, an intent to commit larceny or other depredation in the part of the building used as a post office, which intent must exist at the time the forcible entry or attempt is made. But we do not deem it essential that the original illegal entry into the building be into the part thereof used as a post office. Given the intent to commit larceny or other depredation in the post office part of the building, it is immaterial at what part of the building entrance is effected. This statute was so construed in U. S. v. Saunders, D.C. Ind., 77 F. 170, where it was said, " * * * if there is a breaking into any part of a building used in part for a post office, with intent to commit larceny in the part so used, it constitutes an offense, within the true meaning of the statute; and, so construed, the statute is open to no constitutional objection. Congress has undoubted power in providing for the protection of the postal service, to make any breaking which may impair the security of that part of the building used for such purpose a criminal offense, when such breaking is done with intent to commit larceny therein." 77 F. loc. cit. 171.

In the list of authorities attached to his petition, defendant cited Sorenson v. U. S., 8 Cir., 168 F. 785, and Schwyhart v. U. S., supra. Neither of these two cases supports defendant's contentions; neither of them dealt with the sufficiency of the indictment but rather with the sufficiency of the evidence upon which the respective defendants were convicted. It was held in both cases that the Government had failed to prove one or more of the essential elements of the offense. These decisions are not in point here; it is to be remarked in passing, however, that neither of the indictments in those cases charged an initial entry into the post office part of the buildings involved, and this fact excited no comment from the Court in either case.

Defendant places primary reliance upon McNealy v. Johnston, D.C. Cal., 30 F.Supp. 312, 314. The indictment in that case charged that petitioner "did unlawfully, wilfully, knowingly, feloniously, and forcibly break into a building, which was then and there used in part as a postoffice of the United States * * *, with the intent to commit larceny *in said building.*" (Emphasis supplied.) The Court held this indictment bad because, according to the Court, it failed to "allege the two elements which are essential under section 192: First, breaking into the postoffice part of a building; and second, doing such an act with intent to commit larceny in that part of the building." 30 F.Supp. at page 314. There can be no question that the Court correctly defined the second element of the offense, and that the indictment did not allege this element because the allegation that the defendant intended to commit larceny "in said building" was broad enough to include an intent to commit larceny anywhere in the building. Since Congress has no power to punish ordinary housebreaking, with or without criminal intent merely because the building broken into happened to house a post office located in a part thereof[6], the Court's conclusion on the whole case was sound. His definition of

to commit a larceny or other depredation in the part of the building used as a post office.

6. Sorenson v. U. S., supra; Schwyhart v. U. S., supra; U. S. v. Campbell, C.C.Or., 16 F. 233; U. S. v. Williams, D.C.S.C., 57 F. 201; U. S. v. Martin, C.C.Ala., 140 F. 256. All of these cases, except Schwyhart, were decided prior to 1909 while R.S. § 5478 was in force. The use of the adverb "therein" in that statute had raised the question of whether or not a breaking into a building used in part as a post office with intent to commit a larceny anywhere in the building, in accordance with the literal meaning of "therein" which modified "building", was within the constitutional power of Congress to punish. The unanimous course of decision was that such an act with such an intent could not be made a federal crime; the courts, however, refused to give "therein" its literal meaning but construed it to refer to that part of the building used for post office purposes, and held the statute, as so construed, to be constitutional.

the first element of the offense, however (namely, "breaking into the post office part of the building"), which was unnecessary to his decision, does not find support either in the language of the statute or in the cases cited by him[7], with the exception of U. S. v. Shelton, C.C.S.C. 100 F. 831.

In U. S. v. Shelton, supra, the Court did say that the initial entrance into the building must be effected in the post office part of the building, but this statement was mere dictum, and we do not follow it. In the Shelton case it appears that there was a complete absence of evidence showing the requisite criminal intent, and it was unnecessary for the Court to pass upon the point of entry into the building. While the result reached was sound, we can not agree with the reasoning of the Court or with the construction it placed upon the statute.

An examination of the first and third counts of the indictment in the instant case convinces us that they allege the essential elements of the offenses charged, and the defendant's plea of guilty to these counts establishes the truth of the allegations therein. Defendant's petition will be denied.

Indictments which followed the language of the statute, such as those before the courts in U. S. v. Williams and U. S. v. Saunders, both supra, were held good. On the other hand, indictments which alleged an intent to commit larceny "in said building", such as the ones involved in U. S. v. Campbell, and U. S. v. Martin, supra, were regularly held bad. It is obvious that the indictment in McNealy v. Johnston fell within the second category.

7. Sorenson v. U. S., supra; U. S. v. Campbell, supra; U. S. v. Shelton, C.C.S.C., 100 F. 831; U. S. v. Martin, C.C.Ala., supra.