Wilbern William Sons, pro se.

**Wilbern William SONS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Civ. No. 69–26.

United States District Court

W. D. Oklahoma.

Feb. 4, 1969.

## ORDER

DAUGHERTY, District Judge.

Wilbern William Sons has filed a Motion to Vacate and Set Aside Judgment and Sentence imposed against him in Case No. 68–76 Criminal, in this Court, styled United States of America v. Wilbern William Sons, said Motion being filed pursuant to Title 28, United States Code, Section 2255.

Said Motion is based on three contentions as follows:

(1) Rule 20, Federal Rules Criminal Procedure, 18 U.S.C.A., is unconstitutional,

(2) The sentence imposed by this Court violated the Fifth Amendment to the United States Constitution, and,

(3) The Information filed against the said Wilbern William Sons in said Criminal Case No. 68–76, does not charge an offense at common law and

does not charge an offense punishable by this Court.

Each of the contentions of the said Wilbern William Sons is wholly void of merit, as a matter of law.

 Rule 20, Federal Rules Criminal Procedure, 18 U.S.C.A., has been held to be constitutional and not violative of right to trial by jury in State where crime was committed. Hilderbrand v. United States, 304 F.2d 716 (Tenth Cir. 1962); Levine v. United States, 182 F. 2d 556 (Eighth Cir.1950), cert. den. 340 U.S. 921, 71 S.Ct. 352, 95 L.Ed. 665; Earnest v. United States, 198 F.2d 561 (Sixth Cir.1952).

The contention that the sentence imposed violated the Fifth Amendment is a bald conclusion and contains no allegations of facts in support of the same. Such is legally insufficient and should, therefore, be denied. Martinez v. United States, 344 F.2d 325 (Tenth Cir. 1965); Stephens v. United States, 246 F.2d 607 (Tenth Cir.1957); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148; United States v. Trumblay, 256 F.2d 615 (Seventh Cir.1958), cert. den. 358 U.S. 947, 79 S.Ct. 355, 3 L.Ed.2d 353; United States v. Mathison, 256 F.2d 803 (Seventh Cir.1958), cert. den. 358 U.S. 857, 79 S.Ct. 77, 3 L.Ed.2d 91; United States v. Trumblay, 234 F. 2d 273 (Seventh Cir.1956), cert. den. 352 U.S. 931, 77 S.Ct. 233, 1 L.Ed.2d 166. The files and records of this case conclusively show that Wilbern William Sons entered a plea of guilty to the offense charged herein and did so intelligently and voluntarily. His sentence was below the maximum provided by law.

The Information in said Criminal Case No. 68–76, charges Wilbern William Sons with the offense of forcibly breaking into a certain building then being used in whole as a Post Office to-wit: The United States Post Office at *Morrow, Louisiana*, with intent to commit larceny therein, which act is prohibited by Title 18, United States Code, Section 2115. This act is prohibited and made a crime by the United States Congress. It is not necessary that the offense also be one at common law. The offense charged is one punishable and cognizable by this Court. "Congress has undoubted power, in providing for the protection of the postal service, to make any breaking which may impair the security of that part of the building used for such purpose a criminal offense, when such breaking is done with intent to commit larceny therein." United States v. Saunders, D.C.Ind.1896, 77 F. 170. See also, United States v. Shelton, C.C.S.C.1900, 100 F. 831; United States v. Williams, D.C.S.C.1893, 57 F. 201; In re Byron, C.C.N.Y.1883, 18 F. 722; United States v. Campbell, C.C.Or.1883, 16 F. 233.

By reason of the foregoing, the Motion under consideration is wholly void of merit as a matter of law. Accordingly, the Motion is hereby denied and dismissed without an evidentiary hearing.