**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ulysses GIBSON, Defendant-Appellant.**

No. 30921

**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

June 15, 1971.

Rehearing Denied July 13, 1971.

[*] [1] Rule 18, 5th Cir.; see Isbell Enterprises v. Citizens Casualty Co. of N. Y., 431, F.2d 409, Part I (5th Cir. 1970).

Joe R. Wallace, Birmingham, Ala., for defendant-appellant. (Court Appointed.)

Wayman G. Sherrer, U. S. Atty., Melton L. Alexander, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

Ulysses Gibson, defendant-appellant, was charged in a one count indictment with forceably breaking into a building used in part as a contract station of the United States Post Office Department, with intent to commit larceny therein, in violation of 18 U.S.C.A. § 2115 (1970).[1] This direct criminal appeal resulted from a jury verdict of guilty. Although numerous appellate contentions are advanced, we find them without merit and affirm the district court.

The following facts represent a highly encapsulated version of the circumstances and events which lead to Gibson's ultimate conviction. Mr. Walter Pinson runs a variety store in Birmingham, Alabama. He contracted with the United States Post Office Department that a part of his store be set aside as a postal contract station to handle stamps, packages and money orders. These items are supplied to him by the Post Office Department, to whom Pinson reports and accounts.

In early March, 1970, this building, including the portion which houses the postal facilities, was burglarized. The Post Office safe was ripped open and 622 dollars in postal stock and 208 blank money orders were taken. A single fingerprint, later determined to be Gibson's, was obtained from the cash box, which had been removed from the safe.

After his arrest in Montgomery, Alabama, following an attempt to cash a stolen money order, a complete set of Gibson's fingerprints were taken. These prints were sent to the Office of the Chief Postal Inspector. There, a fingerprint expert compared these exemplars with the latent print found on the cash box. At trial the expert testified that the clandestine print matched the left thumb print of the fingerprint card sent to him by the Montgomery police. In addition to this expert testimony, the Government introduced a number of other witnesses. These included store owner Cohen, who testified that Gibson cashed one of the stolen money orders in his store. Willie White, whose name appears on the negotiated money order as the payee and the endorser, testified

---

1. Whoever forcibly breaks into or attempts to break into any post office, or any building used in whole or in part as as post office, with intent to commit in such post office, or building or part thereof, so used, any larceny or other depredation, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

that he had not signed the stolen money order and that he had lost his driver's license. Witness Kelly testified that Gibson attempted to have her alter the address of a driver's license issued to a Willie White and that Gibson was in possession of a number of money orders.

When the Government rested, Gibson, after making a motion for acquittal, took the stand. He denied ever having seen Cohen or Kelly or ever having signed the name Willie White. The Government sought to attack Gibson's credibility by inquiring into his past criminal convictions.

The jury returned a verdict of guilty, which resulted in a five year sentence. Gibson appealed and alleges these points of error:

1. The trial court erred in denying Gibson's motion to suppress the fingerprint identification testimony.

2. A United States Post Office Contract Station is not within the contemplation of 18 U.S.C.A. § 2115.

3. The indictment did not sufficiently state an offense.

4. The admission of testimony not connected with the crime charged was reversible error.

5. The evidence was insufficient to warrant submission of the case to the jury or to support a guilty verdict.

6. The admission into evidence of the prior convictions was erroneous.

7. The charge to the jury was defective.

8. The judgment and commitment order were improperly executed.

Albeit for unarticulated reasons, Gibson contends that his arrest in Montgomery was illegal and unconstitutional and that following this arrest, he was forced to submit to being fingerprinted. It is further contended that these fingerprints were not taken for identification, since a complete set of Gibson's fingerprints already existed in Birmingham. Rather, these prints were taken for the purpose of being used as proof against him. It is therefore asserted that Gibson was forced to testify against himself by being forced to give his fingerprints in violation of the Fifth Amendment of the United States Constitution. This error was supposedly compounded since Gibson was without the aid of counsel. Nor can it be said that Gibson acquiesced in the giving of his prints, since the record is silent as to whether *Miranda* warnings were or were not given.

■■ As far as fingerprints are concerned, the presence or absence of *Miranda* warnings is simply not determinative. The taking of fingerprints does not fall within the category of communications or testimony so as to be protected by the Fifth Amendment. The taking of a fingerprint exemplar after arrest without counsel being present does not violate one's Fifth Amendment privilege against self-incrimination or one's Sixth Amendment right to counsel. The testimony of the fingerprint expert is therefore admissible. Pearson v. United States, 389 F.2d 684 (5th Cir. 1968).

■■ The law is as well settled on Gibson's remaining appellate contentions. The contention that an offense against a postal contract station situated in a building used for other purposes and not owned by the United States is not within the contemplation of § 2115, is untenable. An offense under this section is made out when the government shows forceable entry into some part of the building and intent to commit larceny in the part of the building used as a Post Office. United States v. Clifton, 91 F.Supp. 940 (D.C. Ark.1950).

Moreover, we determine the instant indictment to be a plain, concise and definite statement of the essential facts constituting the offense charged. Viewing the sufficiency of the proof of these essential elements, the matter of Gibson's guilt is for the jury to decide unless the court concludes that the jury must nec-

essarily have had a reasonable doubt. Viewed in this manner, the evidence was obviously sufficient to go to the jury and we cannot say it was insufficient to permit them to conclude that all the essential elements were proved and that Gibson was guilty. United States v. Warner, 441 F.2d 821 (5th Cir. 1971); United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971).

■■ Nor do we find any fault with the admission of the testimony of White or Kelly, which links Gibson with the crime charged. Additionally, the questions put to Gibson by the Government during cross-examination as to his prior felony convictions were not improper. This Circuit has long and effectively foreclosed this argument. For the purpose of discrediting a witness, in a federal criminal trial it is not improper to show that the witness, including a defendant who has elected to testify, has been convicted of a felony. United States v. Smith, 420 F.2d 428 (5th Cir. 1970).

■ Finally, the district judge's charge to the jury, which included an instruction on the inference to be drawn from possession of recently stolen property, if not sufficiently explained, was not improper. United States v. McGlamory, *supra*. Similarly, Gibson's assertion that an insignificant inaccuracy in the reporter's transcript would warrant reversal is without merit.

Having carefully considered each point raised by Gibson and tested it against the record and the law applicable to the matter in controversy, we find the trial court's actions to be free from reversible error. The judgment of the trial court is therefore

Affirmed.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.