**Bobby Ray SHORT, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 74-1037.**

United States Court of Appeals, Sixth Circuit.

Oct. 16, 1974.

Bobby Ray Short in pro per.

William W. Milligan, U. S. Atty., Albert R. Ritcher, Columbus, Ohio, for respondent-appellee.

Before: PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Bobby Ray Short pleaded guilty in the United States District Court for the Southern District of Ohio to two counts of interstate transportation of forged securities, in violation of Title 18 U.S.C., Section 2314. The Honorable Carl B. Rubin, Judge of the United States District Court for the Southern District of Ohio, on February 1, 1973, sentenced Short to a term of five years of confinement in the custody of the Attorney General, on his plea of guilty.

It appears that prior to his conviction and sentence in the instant case, in the District Court for the Southern District of Ohio, appellant had previously been convicted of a felony in the United States District Court for the Southern District of Georgia, Brunswick Division.

On July 27, 1973, Short filed a motion to vacate the sentence, pursuant to Title 28 U.S.C., Section 2255, on the ground that the conviction and sentence were imposed in violation of appellant's rights under the Fifth Amendment. In support of his motion to vacate, appellant states: "In the previous convictions considered by the District Judge, Carl B. Rubin, in imposing the aforementioned sentence of five years, the record failed to show that the Guilty Plea of the Defendant was voluntarily made under the standards set in Boykin v. Alabama, 395 U.S. 238 [89 S.Ct. 1709, 23 L.Ed.2d 274]." In *Boykin*, the Supreme Court listed several of the constitutional rights involved in signing a waiver when a plea of guilty is entered in a state criminal trial but, as appears hereafter, *Boykin* is inapplicable to this case.

All of the questions raised by appellant with regard to Judge Rubin's sentence go to the alleged unlawful sentence of the District Court in Georgia; and the only way that Judge Rubin could ascertain that the sentence in Georgia was illegal and deprived appellant of his constitutional rights was for Judge Rubin to review the sentence of the Georgia court, and appellant's claim of deprivation of his rights.

Appellant could easily have raised the same question before the District Court which sentenced him in Georgia, and should have raised it there if he had any grounds upon which to base a motion to vacate. There was no possible reason for Judge Rubin to review the Georgia sentence and appellant's alleged claim of deprivation of his rights.

Appellant's sentence for a term of five years, as imposed by Judge Rubin, was in conformity with his conviction and the penalty imposed in 18 U.S.C., Section 2314. There is no evidence that this sentence for transporting forged securities across state lines was excessive. There is no evidence that Judge Rubin, in imposing the sentence of five years, had done so because of any consideration of appellant's former felony conviction in the United States District Court in Georgia; nor is there any showing that the guilty plea of defendant in Georgia was involuntarily made, or that his sentence was in derogation of his constitutional rights.

█ Appellant is here attempting to use a Section 2255 motion in the District

Court of Ohio in lieu of an appeal, or a 2255 motion to correct alleged errors in another trial in a different court in another federal district in which the alleged errors were not called to that court's attention. Petitioner is unable to do this. Nor has the District Court jurisdiction, under 28 U.S.C., Section 2255, to test the legality of a sentence imposed by a court in another judicial district. See Gajewski v. Stevens, 346 F.2d 1000 (C.A.8, 1965). There is no showing that appellant has raised, by a Section 2255 proceeding in the sentencing court in Georgia, the issues he raises here, and absent such showing, this Court is without jurisdiction to consider the petition. "The very purpose of Section 2255 is to hold any required hearing in the sentencing court." United States v. Hayman, 342 U.S. 205, 220, 72 S.Ct. 263, 273, 96 L.Ed. 232 (1951).

There is here no substantial allegation or new dispute of fact that would entitle appellant to a full evidentiary hearing, as petitioner's claims are stated in the form of conclusions without any allegations of facts in support thereof, as well as being unsupported by proof or reference to such proof; and his motion is, thus, legally insufficient to sustain a review. See Sons v. United States, 295 F.Supp. 642 (W.D.Okla. 1969).

Appellant submits that United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), is here controlling. In *Tucker*, the sentencing judge explicitly stated that he had relied on the previous convictions of the defendant in determining sentence, and the defendant had initiated the Section 2255 proceeding only after it had first been determined that his previous convictions were unconstitutional. Obviously, from what we have heretofore stated, the *Tucker* case is here inapplicable.

In accordance with the foregoing, the order of Judge Kinneary denying the motion to vacate the sentence, and dismissing the action, is affirmed.