925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jackie Wayne SCARBOROUGH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-5817.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, petitioner and five codefendants were found guilty of various drug offenses, including conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846. This court affirmed petitioner's convictions on February 9, 1984. See United States v. Steele, 727 F.2d 580 (6th Cir.1984). The United States Supreme Court denied certiorari on May 21, 1984. See Scarborough v. United States, 467 U.S. 1209 (1984).
 
 
 3
 In support of his motion to vacate sentence, petitioner claimed that a subsequent conviction in the Northern District of Georgia violated the double jeopardy clause because the Georgia "continuing criminal enterprise" conviction was based primarily on acts that were part of the conspiracy of which he was convicted in the Eastern District of Tennessee. The district court denied the motion to vacate sentence after finding that petitioner's attack was directed at the Georgia conviction.
 
 
 4
 Upon review, we conclude that the decision of the district court was correct. The claim raised in petitioner's Sec. 2255 petition went to the alleged unlawful sentence of the district court in Georgia. No allegation was made of any impropriety in the sentence imposed by the district court in Tennessee. The district court in Tennessee had no jurisdiction, under 28 U.S.C. Sec. 2255, to test the legality of a sentence imposed by a court in another judicial district. See Short v. United States, 504 F.2d 63, 65 (6th Cir.1974). Since no claim was made against the sentence imposed by the district court in Tennessee, the motion was properly denied.
 
 
 5
 Accordingly, we hereby affirm the district court's order pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.