999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Russell Cox DEAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1063.
 United States Court of Appeals, Sixth Circuit.
 July 6, 1993.
 
 1
 Before KENNEDY and MARTIN, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Russell Cox Dean is a pro se federal prisoner who appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. Dean's appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Dean was convicted of four counts of distributing heroin, four counts of using a telephone to facilitate that distribution and witness tampering. 21 U.S.C. §§ 841(a)(1) and 843(b); 18 U.S.C. § 1512(b)(1). Dean raised four claims in the motion to vacate his sentence: 1) he was denied representation by the counsel of his choice; 2) he was denied his Sixth Amendment right to secure witnesses on his behalf; 3) he was denied due process through prosecutorial misconduct; and 4) he did not have an impartial jury. In an amended motion, Dean also alleged that he was denied effective assistance of counsel because his counsel had advised him to withdraw a guilty plea. On December 2, 1992, the district court adopted a magistrate judge's recommendation and dismissed the case. It is from this judgment that Dean now appeals. His brief on appeal contains a request for counsel.
 
 
 4
 Dean had entered into a plea bargain with the assistance of his appointed counsel, John Meeks. Pursuant to this bargain, Dean agreed to plead guilty to one count of using a telephone to facilitate a heroin transaction and one count of witness tampering. In exchange, the government agreed to dismiss the remaining seven drug-related charges. On October 12, 1989, Dean entered guilty pleas as anticipated by the plea agreement.
 
 
 5
 A sentencing hearing was scheduled for December 7, 1989, at which time the trial court considered Dean's pro se motion to withdraw his guilty plea. Dean also indicated that he wished to obtain different counsel and that arrangements were being made to hire William Hankins as his retained attorney. The trial court did not rule on either motion and prudently adjourned the proceeding for two weeks, to allow Dean time to secure another attorney.
 
 
 6
 A second hearing was held on December 21, 1989. Dean initially indicated that he did not wish to proceed with the motion to withdraw his plea or with his request for different counsel. However, it appears that a conflict arose between Dean and Mr. Meeks during a recess. Meek's motion to withdraw as counsel was subsequently granted, and the sentencing hearing was rescheduled for January 19, 1990. The court indicated that it would consider Dean's motion to withdraw his plea at that time and that it would appoint another attorney for him, even though Dean apparently intended to retain Mr. Hankins.
 
 
 7
 It is undisputed that Dean appeared with his second appointed attorney, Thomas Spencer, on January 19, 1990. At that time, he again moved to withdraw his guilty plea and to retain different counsel. Dean's motion to withdraw the plea was subsequently granted. However, a formal appearance was never entered by retained counsel, and Dean was represented by Mr. Spencer at trial. A jury convicted Dean on all of the eight counts that were charged in his drug indictment. He was also convicted of witness tampering in a subsequent trial.
 
 
 8
 Dean now argues only that his counsel was ineffective and that he was entitled to an evidentiary hearing on that issue. He has, therefore, abandoned his other claims for purposes of appellate review. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 9
 Dean's present claim was clearly raised in his amended motion. In particular, Dean alleged that Hankins and Spencer were ineffective because they advised him to reject a favorable plea bargain, even though there was overwhelming evidence against him and no viable defense. A cause and prejudice analysis is not required regarding this claim because Dean could not have raised it on direct appeal. Cf. United States v. Straughter, 950 F.2d 1223, 1234-35 (6th Cir.1991), cert. denied, 112 S.Ct. 1238 (1992).
 
 
 10
 To establish ineffective assistance of counsel, Dean must show that his counsel's performance was deficient and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Dean's claim fails this test. He has not alleged any substantive errors on the part of either Mr. Spencer or Mr. Hankins. Instead, it appears that Dean was simply dissatisfied with the outcome of his trials. Hence, there is no merit to Dean's claim that his counsel was deficient in a constitutional sense.
 
 
 11
 Dean argues that he was entitled to an evidentiary hearing on the issue of his counsel's effectiveness. However, the district court did not abuse its discretion by deciding Dean's motion without a hearing on this claim because Dean's allegations are wholly conclusory and speculative. See Short v. United States, 504 F.2d 63, 65 (6th Cir.1974) (per curiam).
 
 
 12
 Accordingly, Dean's request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, U.S. District Judge for the Middle District of Tennessee, sitting by designation