899 F.2d 15
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond K. EVANS, Defendant-Appellant.
 No. 89-3553.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and LAWRENCE P. ZATKOFF,* District Judge.
 PER CURIAM:
 
 
 1
 Appellant Evans was convicted on all five counts of a five-count indictment alleging distribution of cocaine, use of a firearm during the commission of a drug trafficking offense, and possession of firearms while using narcotics. His appeal challenges testimony about his being in custody previously, as well as the trial court's refusal to tender a particular requested instruction to the jury.
 
 
 2
 On direct examination, an arresting police officer was asked to identify Evans in the courtroom. In making his identification, the police officer noted that appellant was wearing a yellow wristband. The wristband was an identifying object from the jail that was holding appellant pending trial, and trial counsel moved for a mistrial, alleging that calling attention to the wristband was prejudicial. The trial court overruled the motion.
 
 
 3
 The prosecutor continued questioning the officer, hoping to elicit testimony that the appellant had been found in the possession of one of the firearms listed in the indictment. Pursuant to an earlier sidebar, the officer had been instructed not to mention that he had arrested appellant at that time, but only to testify as to the weapon seized. Inexplicably, the officer, nevertheless, testified that appellant was taken into custody, but not that he was arrested.
 
 
 4
 Following an objection by appellant's counsel, and a second motion for a mistrial, the district court overruled the latter motion. Evans' attorney had noted in his opening arguments that appellant had no prior criminal record. The district court then gave the following limiting instruction to the jury:
 
 
 5
 The testimony you heard from this witness on direct examination was offered solely for the purpose of showing that this defendant possessed a gun on November 1, 1988. That fact has been stipulated to. You may draw no further inferences of any kind, nor consider, nor use this testimony for any other purpose.
 
 
 6
 I repeat, the testimony you heard from this witness on direct examination was offered solely for the purpose of showing that the defendant possessed a gun on November 1, 1988. That fact has been stipulated to by counsel.
 
 
 7
 Appellant urges that, despite the limiting instruction, it was error not to grant the mistrial.
 
 
 8
 Appellant also asserts that it was error for the trial court to refuse to give a jury instruction to the effect that "mere association with people of bad intent is not evidence of committing a crime, there must be an act of participation."
 
 1. Mistrial
 
 9
 As to the testimony regarding the wristband, the court found that this did not identify Evans as being a prisoner. We do not see any prejudice because if the witness could see the wristband, the jurors could probably also see it. There was no effort to tie the wristband to prisoner status and thus no prejudice was shown.
 
 
 10
 As to the testimony regarding the arrest, the government implicitly concedes that this was not properly admissible under the circumstances, but argues that the curative instruction was sufficient to avoid any real prejudice to the defendant.
 
 
 11
 [O]ur role on appeal is to review the record as a whole and ascertain if this error so adversely affected the substantial rights of the defendants as to compel reversal, Kotteakos v. United States, [328 U.S. 750 (1946),] or even if not, whether the exercise of our supervisory powers requires, as a matter of sound judicial administration, the deterrent therapy of a new trial.
 
 
 12
 United States v. Reed, 647 F.2d 678, 687 (6th Cir.), cert. denied, 454 U.S. 837 (1981). Treating the officer's statement as error for purposes of argument, we find that it was harmless error.
 
 
 13
 Evidence of appellant's arrest was not sufficiently prejudicial to affect his substantial rights. Furthermore, "the general rule is that the subsequent striking of erroneously admitted evidence accompanied by a clear and positive instruction to the jury to disregard cures the error." United States v. Steele, 727 F.2d 580, 588 (6th Cir.), cert. denied, 467 U.S. 1209 (1984). There is no evidence of prosecutorial misconduct here. Accordingly, we find no reversible error.
 
 2. Jury Instructions
 
 14
 Appellant was not charged in the indictment with aiding and abetting. The indictment charged that defendant used and trafficked in cocaine, and while doing so possessed firearms that had been shipped in interstate commerce. The trial court was under no obligation to offer jury instructions that were irrelevant to the crimes charged and unsupported by the evidence. United States v. Plummer, 789 F.2d 435, 438 (6th Cir.1986). The instruction requested may be appropriate in an aiding and abetting or conspiracy context. We find no error in the instructions given.
 
 
 15
 We therefore AFFIRM the conviction of appellant.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation