16 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Raymond K. EVANS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3831.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1994.
 
 Before: KEITH, RYAN and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Raymond K. Evans appeals a district court judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the district court in February 1989, petitioner was convicted of five drug and weapons offenses. Petitioner was sentenced to a total of 96 months of imprisonment followed by a three year term of supervised release. This court affirmed the convictions on direct appeal. United States v. Evans, No. 89-3553, 1990 WL 33125 (6th Cir. Mar. 26, 1990) (per curiam), cert. denied, 498 U.S. 835 (1990).
 
 
 3
 Next, petitioner filed his motion to vacate sentence in the district court, alleging that he was rendered ineffective assistance of counsel at trial. The government responded in opposition. The district court denied petitioner's motion without an evidentiary hearing. Thereafter, a reply to the government's response was docketed which petitioner had mailed before the district court's judgment. Petitioner then filed a timely notice of appeal taken from the district court's judgment.
 
 
 4
 On appeal, petitioner reiterates his ineffective assistance of counsel claim and contends that the district court: (1) should have reconsidered its judgment in light of his reply to the government's response; and (2) should have conducted an evidentiary hearing. Upon consideration, it is concluded that petitioner's claim of ineffective assistance of counsel is meritless for the reasons stated by the district court in its memorandum of opinion filed June 30, 1993. Moreover, the district court is not required to await a reply or traverse from petitioner before rendering judgment, nor could the petitioner's reply be treated as a motion to reconsider the judgment because the reply obviously did not address the merits of the district court's judgment. Further, the district court was not required to conduct an evidentiary hearing because petitioner's claims are plainly meritless. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986); Short v. United States, 504 F.2d 63, 65 (6th Cir.1974) (per curiam). Thus, petitioner's claims on appeal are also without merit.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.